ANTHONY
v.
M'CALL.

ANTHONY, Administrator, v. M'CALL, Administrator.

An administrator cannot be sued for the *devastavit* of his intestate, by an administrator *de bonis non* of the first intestate.

*Tuesday,
November 27.*
ERROR to the *Rush* Circuit Court.

M'KINNEY, J.—This is an action of assumpsit. The plaintiff, the administrator *de bonis non* of *Abraham Carey*, deceased, declares against the defendant, administrator of *Samuel Carey*, deceased, for an alleged *devastavit* by *Samuel Carey*, the administrator of the plaintiff's intestate.

The declaration charges that, in 1818, *Samuel Carey*, administrator of *Abraham Carey*, wasted and converted to his own use, goods, &c. of the said *Abraham Carey*, to the value of 300 dollars. That the said *Samuel*, afterwards, to wit, in the year 1826, promised to pay the value of the goods so wasted and converted. Yet neither the said *Samuel*, in his life-time, nor the defendant since has paid the same, &c. The defendant pleaded three several pleas:—1st, *plene administravit* of the goods, &c. of *Samuel Carey;* 2dly, the statute of limitations; 3dly, *plene administravit* by the said *Samuel Carey*, of the goods, &c. of *Abraham Carey*, deceased. General replications were filed to the 1st and 3d pleas, and issues to the country. To the second plea the plaintiff replied specially, "that the indebtedness of said *Samuel Carey*, deceased, accrued in consequence of the said *Samuel* having appropriated the goods, &c. of *Abraham Carey*, to his own use, and that the power of said *Samuel* continued unrevoked until 1828, wherefore, &c. said *Samuel* did promise, &c. within five years." To this replication the defendant demurred. The Court below sustained the demurrer, and rendered judgment in favour of the defendant.

By the demurrer to the replication, the declaration is before us. If it be radically defective, whatever may be the character of the replication, the action cannot be sustained. By one of the first rules of pleading, an action can only be brought by the person who has the legal right of action. The sufficiency of the declaration must, therefore, depend upon the legal rights and power of an administrator *de bonis non*. He is entitled to

all the goods and personal estate, &c. which remain in specie, and were not administered by the first executor or administrator, as well as to all debts due and owing to the testator or intestate. 3 Bac. Abr. 20.—*Tingrey* v. *Brown*, 1 Bos. & Pull. 310.

The original representative, executor or administrator, is liable for a *devastavit*, but such liability is not enforced, at the suit of the administrator *de bonis non*. The administrations are distinct. Each has peculiar duties and responsibilities. In the event of a *devastavit* committed by either, the heirs, creditors, and others, whose legal rights are affected, by appropriate action, may obtain redress. The administrator *de bonis non*, having no legal right of action, cannot be the medium of such redress, unless authorised by a statute.

The 14th section of the act organizing Probate Courts, authorises that Court to remove, for certain causes, an administrator acting under its authority, and to appoint a successor, to whom the person removed is liable to account, according to law, for all acts in the trust. The present case is not within the statute. If it were, the declaration would still be defective. It does not aver to whom the promise of payment was made, nor does it contain those necessary averments that would bring it within the statute.

In the case of *Coleman, Adm'r.* v. *M'Murdo et al.*, 5 Rand. R. 51, it was decided, that the administrator *de bonis non*, could not bring such an action as the present, either at law or in equity.

We think the declaration radically defective, and that the action cannot be maintained.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Rariden*, for the plaintiff.

*O. H. Smith*, for the defendant.

(1) "According to the law of *England*, an administrator *de bonis non*, cannot call the representatives of the previous deceased administrator of his intestate to account, for any property of the intestate, that such predecessor may have converted or wasted; nor can he claim or recover any thing but those goods, chattels, and credits of his intestate, which remain in specie and are capable of being clearly and distinctly designated and distinguished as the property of his intestate. 3 Bac. Abr. 19, 20."—*Hagthorp et al.* v. *Hook's Adm'rs.*, 1 Gill & Johns. 270, 274, per *Bland*, Chancellor.

At the common law, if a man was appointed executor, and committed a *devastavit* and died, the executor of such executor was not liable for the *devastavit*, upon the principle that it was a personal tort in his testator, which died with the

person; Sir *Brian Tucke's Case,* 3 Leon. 241;—*Browne* v. *Collins,* 1 Ventr. 292; but he was liable in equity. *Price* v. *Morgan,* 2 Chan. Cas. 217. But now, by the statute 30 Car. 2, c. 7, explained and made perpetual by 4 and 5 W. & M. c. 24, s. 12, the executors or administrators of any executor or administrator, whether rightful or of his own wrong, who shall waste or convert to his own use the estate of his testator or intestate, shall be liable and chargeable in the same manner as their testator or intestate would have been, if they had been living. 1 Saund. 219, d, note to *Wheatley* v. *Lane.*—2 Will. on Ex. 1064.