Young *v.* Kimball.

An administrator having committed a *devastavit* died, and his administrator was sued in chancery, by the administrator *de bonis non* of the first intestate, for such *devastavit*. *Held*, that the suit would not lie. *Held*, also, that under the statute, the administrator thus sued was liable for the *devastavit* to the creditors, &c. of the first intestate.

ERROR to the *Washington* Probate Court.

*Saturday,
July 18.*

Perkins, J.—This was a bill on the chancery side of the *Washington* county Probate Court, brought by an administrator *de bonis non* against the administrator of the first administrator of the complainant's intestate. The case made by the bill is, that *James Coffin* and *Benoni Morris* were appointed administrators of the estate of *Nathaniel Kimball;* that *Coffin* became the active administrator and took possession of the assets; that he converted five hundred dollars in value of them to his own use, rendering no account therefor, and died; and that *Morris,* his co-administrator, soon after resigned. *Nathan Kimball* was thereupon appointed administrator *de bonis non* of said *Nathaniel Kimball's* estate; and he files this bill against *Henry Young* who had been appointed administrator of said *Coffin's* estate. The Court below decreed in favour of the complainant, in accordance with the prayer of his bill, for the said five hundred dollars of converted assets, with interest, amounting in all to the sum of seven hundred and five dollars, and also costs of suit.

The main question arising in the case is whether the bill will lie?

It charges a *devastavit,* a conversion of the goods of the intestate to the use of the administrator. If the commission of a *devastavit* by an administrator amounts to an administration of the goods of the intestate to the extent of the *devastavit,* then neither a bill in chancery nor suit at law can be maintained against the representative of such administrator by the administrator *de bonis non* for a recovery of the value of the goods, &c., included in the *devastavit,* for the plain reason that the power and duty of an administrator *de bonis non,* by the terms of his commission, extend only to the unadministered goods, &c., of the deceased. That a *devastavit* does constitute *such* an administration as places the

goods (and the value of them), converted or·wasted, beyond the authority of an administrator *de bonis non*, seems settled by all the authorities; though it does not constitute such an administration as discharges the administrator, guilty of the wrong, from liability under the statute to those interested. *Anthony* v. *M'Call*, 3 Blackf. 86; *Coleman* v. *M'Murdo*, 5 Rand. 51, and the numerous authorities there cited. *Hagthorp* v. *Hook's Adm'rs*, 1 Gill. & Johns. 270.

This will plainly appear when we consider, that, at common law, there was no remedy against the representative of a deceased executor or administrator for a *devastavit* committed by such decedent (1). The remedy being statutory, the statute will determine the nature of it. In *England*, "the statute of 30 Car. 2, c. 7., explained and perpetuated by the 4 & 5 W. & M., expressly declares in its preamble, 'that executors and administrators of executors and administrators, for want of privity, were not before answerable, nor could be sued, for debts due by the first testator or intestate, notwithstanding such executors or administrators had wasted the estate of the first testator;' and to remedy this evil, it makes such second executors or administrators chargeable 'in the same manner as the first executor or administrator should or might have been;' that is, liable directly to the creditors." 5 Rand. 58.—1 Saund. 219. So, by our statute, R. S. 1843, p. 557, sect. 382, the same remedy is given. It enacts that "the executors and administrators of every person, who, as executor, either of right or in his own wrong, or as administrator, shall have wasted or converted to his own use any goods, chattels, or estate of any deceased person, shall be chargeable in the same manner as their testator or intestate would have been if living;" which section, in this state, renders them liable to creditors, distributees, &c.

The remedy, being given by statute to these persons, is clearly not vested in administrators *de bonis non*.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. H. Thompson* and *H. P. Thornton*, for the plaintiff.

(1) This common-law doctrine was founded on the principle, that the *devastavit* being a personal tort died with the person. *Tucker's Case*, 3 Leon. 241.— *Brown* v. *Collins*, 2 Levinz, 110.