May Term,
1856.

GRAHAM
v.
THE STATE.

GRAHAM and Others *v.* THE STATE on the relation of REYNOLDS.

An administrator *de bonis non*, as the law stood in 1845, could not sue his predecessor in the trust for a breach of duty.

An act of the legislature authorized the bringing of suit in the name of the state on the relation of an administrator *de bonis non*, upon the bond of his predecessor, for a breach of duty, though the bond was executed before the passage of the act. *Held*, that the act was valid.

Thursday,
May 29.

APPEAL from the *Morgan* Circuit Court.

PERKINS, J.—Debt by the state, on the relation of an administrator *de bonis non*, against the original administrator and his sureties, on their bond, to recover assets, &c.

The defendants denied the breach assigned, and the cause was submitted to the Court without a jury, upon an agreement of counsel "that the defendants might show any general and special matter of defence on the trial, as fully as if the same were specially pleaded;" and the parties further agreed upon the amount for which execution should go upon the judgment, if it should be against the defendants, on the question of the breach of the bond. The Court heard the evidence, found against the defendants, and entered the judgment as had been previously agreed. The defendants appealed to this Court, and they contend—

1. That the action will not lie.

2. That the judgment is wrong upon the evidence.

The bond on which the suit is based was executed in 1845, and as the law then stood, an administrator *de bonis non* could not sue his predecessor in administration, for breach of duty. *The State* v. *Gooding*, 8 Blackf. 567, and cases there cited.

But, by act of the legislature, such suit was authorized in 1849, and has been ever since. Laws of 1849, p. 53.— 2 R. S., p. 286. That is, the administrator *de bonis non* was authorized to use the name of the state, on his relation, in such suit.

It is contended that the legislature could not confer

such right as to existing bonds. We think otherwise. Such statute did not enlarge or vary the liabilities of obligors, nor the rights of creditors or heirs; but simply regulated, in one particular, the manner of their enforcement. Such power the legislature possesses.

As to the weight of evidence, it must be admitted that it leaves the case somewhat in doubt; but in such cases, the unbending rule of this Court is not to disturb the judgment below. There is evidence tending to support it, of equal, so far as we can judge, perhaps greater force than that tending to the contrary. *Calkins* v. *Evans*, 5 Ind. R. 441.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*W. R. Harrison, L. Barbour* and *A. G. Porter*, for the appellants.

*L. Reynolds*, for the state.