Day, J.
The suit was brought by the administrator de bonis non of the estate of Christmas against the administrators of the estate of Lynch, to recover the amount found, by the probate court, to be due from the estate of Lynch to the estate of Christmas, on an account rendered by the administrators of Lynch of their decedent’s administration of the estate of Christmas, who died while in office, without having rendered his account with the estate.
It is claimed that the action may be maintained for the *398 balance found due to the estate of Christmas on the finding of the probate court, either as a debt of record, evidenced by the judicial finding of the court, binding the defendants, or as a common-law award conclusive against them.
As to the claim of recovery on the finding of the probate court as an award, we deem it only necessary to say, that nothing appears in the record indicating a purpose of the parties to submit any matter of difference between them to the arbitrament of the probate court; on the contrary, whatever was done by the probate court was regarded as being done only in a judicial capacity. Aside from other objections to a recovery as upon an award, there is no ground on which the finding of the court can be treated or regarded as an award.
As to whether it was the duty of the administrators of Lynch to render to the probate court an account of their decedent’s administration of the estate of Christmas, or whether that court had jurisdiction in the matter, we do not find it necessary to determine. Nor (on the view we take of the case) is it necessary to determine, in this case, what the legal effect of the finding of the probate court is, even if it had jurisdiction of the parties and the subject-matter.
This is a suit by the administrator de bonis own of the estate of Christmas, against the administrators of the deceased administrator of the same estate, not to recover unadministered goods ioi specie, but, as the record plainly shows, to recover the amount found due from their decedent’s estate for money that never came to their hands. At common law, no action of this kind could be sustained by the administrator de bonis own, against the representatives of the deceased administrator. Where the deceased administrator had disposed of the goods of the estate wrongfully, the wrong died with him. “This was esteemed actio personalis qurn onoritur cum persona.” 4 Bac. Abr. 140. But such suit could be maintained only by creditors, legatees, and distributees of the first decedent. Young v. Kimball, 8 Blackf. 167; Finn v. Hempstead, 24 Ark. 111; and M'Murdo v. Prentis, 5 Rand. 51. In M'Murdo v. Prentis the subject,is fully dis« *399 cussed, and it has been regarded a leading case, and been followed in many of the States. This rule of the common law has, however, undergone various statutory modifications, both in this country and England.
It was held in Blizzard v. Filler (20 Ohio, 479), that, “without the aid of legislative provision, it is undeniably clear, that no right of action arises in favor of the administrator de bonis non, either against the representatives of the deceased administrator or the sureties in his official bond.”
This case was approved in Card v. Tracy (2 Ohio St. 431), when applied to the representative of a deceased administrator who died in office.
These cases settle the question in this State, that an administrator de bonis non cannot maintain an action like the one before us, without legislative aid. The case of Blizzard v. Filler, supra, determines that the 26th section of the administration act (S. & C. Stat. 571), “ leaves the matter as it stood at common law.” We have no other legislation that affects the question, except the act of April 7, 1854, “ concerning suits on the bond of executors and administrators.” S. & C. Stat. 619. This act only confers power to “maintain an action on the bond of such executor or administrator whose powers have ceased ” by death or otherwise.
The legislature has provided an ample remedy on' the bond, leaving the common-law rule not otherwise affected.
The case of Storer v. Storer (6 Mass. 390) is the only one that has been brought to our attention where an action in a case similar to this has been sustained. The first decedent in that case died in 1768, and the case was decided in 1803. The right of the administrator de bonis non to bring the action was not questioned, and how the question was affected by statutory provisions, we are not informed. Moreover, in that case “ a decree was passed ” in the probate court, “ directing the defendants to pay the balance to the plaintiff.” In this case there was no such decree or order of the probate court; but at most, the court only adjudged what was the amount of the balance due from one estate to the other.
In a later case, however, in the same State (Monroe v. *400 Holmes, 9 Allen, 244), arising under administration laws similar to those of this State, where an administration account was rendered as in this case, but the balance found due was from the estate of the first decedent to that of his administrator, the court refused to sustain an action on the finding of the probate court, in favor of the administrator of' the deceased administrator, against the administrator de bonis non of the first decedent, but left him to his remedy on the administration bond.
What effect the settlement of the deceased administrator’s account in the probate court may have in a suit brought on the bond of the deceased administrator, we need not now determine. We are, however, satisfied that, as the law now stands in this State, the present action cannot be maintained on the cause of action stated in the petition. The court of common pleas, therefore, properly sustained the demurrer to the petition, and it follows that the judgment of that court must be affirmed
Brinkerhoff, C.J., and -Scott, Welch, and White, JJ., concurred.