MYERS, EXECUTOR, *v.* THE STATE, EX REL. MCCRAY, ADMIN-ISTRATOR.

ADMINISTRATOR DE BONIS NON.—*Suit on Bond of Former Administrator.—Parties.*—An administrator *de bonis non* may sue a former administrator of

the same estate on his official bond, and the executor of a surety upon such bond may be joined in such suit.

EVIDENCE.—*Execution of Bond.*—Where the execution of a bond sued on is not proved, but it is read in evidence against the executor of a deceased surety on the bond, without objection on that ground, the failure to prove its execution will not be error. Objections to the introduction of the bond on grounds other than a failure to prove its execution will not be sufficient to raise the question of such failure.

DECEDENTS' ESTATES.— *Jurisdiction.*—*Claim Against Estate of Joint Obligor.*— Where the legal representative of a deceased joint obligor is a proper or necessary party defendant in a suit on the joint obligation against the survivors, the court has jurisdiction to try the claim against the decedent's estate.

JUDGMENT.— *Joint Action.*—*Administrator.*—In a joint action brought against an administrator and others on a joint obligation, the judgment may be against all the parties for the full amount, and not against the administrator for a proportionate amount.

PRACTICE.—*Appeal.*—*Motion for New Trial.*—Where a motion for a new trial is made on the ground that the verdict is contrary to the evidence, because certain facts have not been proved, the party making the motion is precluded, on appeal, from urging that the verdict is not sustained by sufficient evidence.

From the Marion Common Pleas.

*L. Barbour* and *C. P. Jacobs,* for appellant.

*N. B. & E. Taylor* and *R. B. & J. S. Duncan,* for appellee.

OSBORN, J.—This is an action in the name of the State, on the relation of Aaron McCray, administrator *de bonis non* of the estate of Bennett Bryan, deceased, against William Sullivan, administrator of the estate of Joseph N. Moore, deceased, Benjamin Myers, executor, etc., of Jacob Neiman, deceased, and David G. Cole, Abram Bird, and John A. Beall. The summons was returned not found, and the action dismissed as to Beall.

It is alleged in the complaint, that Joseph N. Moore was appointed administrator of the estate of Bennett Bryan, and gave bond as such in the penalty of two thousand dollars, with David G. Cole, Abram Bird, and Jacob Neiman as sureties, which was approved on the 18th of February, 1861 ; that Moore entered upon the duties of his trust; that on the 28th day of October, 1862, Moore was ordered by the court to make and file an additional bond, which he did on that day, with the said Jacob Neiman and John A. Beall

as his sureties; that Moore continued to act as such administrator until the 22d day of November, 1866, when he died. Copies of the bonds are filed with and made a part of the complaint. They are in the usual form of such bonds.

Three breaches of the bonds are assigned:

1. That Moore, while acting as such administrator, collected three thousand dollars belonging to the estate, and failed to account for or pay it over.

2. That he converted to his own use personal property and assets of the estate of the value of three thousand dollars.

3. That he sold the personal property of the estate, and collected and received from the sale one thousand dollars, and received two thousand dollars of money due and owing the estate from the estate of Isabel Bryan, deceased, which he failed to account for or pay over; that no part of the money since Moore's death has been paid by Sullivan, his administrator, or by any other representative of his estate.

The appellant demurred to the complaint, on the ground that the court had no jurisdiction of the subject of the action.

2. That the plaintiff had not legal capacity to sue.

3. That there was a defect of parties defendants, on account of a misjoinder of parties defendants.

4. That the complaint did not state facts sufficient to constitute a cause of action.

5. That several causes of action had been improperly united. Cole and Bird also demurred, assigning the same grounds. The demurrers were overruled, and exceptions taken.

Issues of fact were formed, which were tried by a jury, who rendered a verdict for the plaintiff for fifteen hundred and nine dollars and sixty cents.

The appellant filed a motion for a new trial, and assigned as reasons therefor:

1. That the court erred in refusing to give an instruction asked by him.

2. That the verdict against him was contrary to law, because

the law gives the court no jurisdiction to try claims against an estate in such actions.

3. That the verdict against him was contrary to the evidence, because neither bond offered in evidence was proved to have been executed by the said Jacob Neiman, deceased, the testator of said Benjamin Myers.

The motion was overruled, and the appellant excepted. He then moved in arrest of judgment, which motion was also overruled, and he again excepted. Proper judgment was rendered upon the verdict of the jury.

The appellant alone appeals, and has assigned for error:

1. Overruling the demurrer to the complaint.

2. Overruling the motion for a new trial.

3. Overruling the motion in arrest of judgment.

He insists that it is not competent for an administrator *de bonis non* to sue the former administrator in the same estate, or to sue the surety upon his official bond, or the executor of such surety.

Section 162, 2 G. & H. 529, provides, that "any executor or administrator may be sued on his bond, by any creditor, heir, legatee, or surviving or succeeding co-executor or co-administrator of the same estate," etc. And sec. 163, p. 531, provides, that "such suit may be brought by, and on the relation of, any such creditor, heir, legatee, surviving, succeeding, co-executor or co-administrator, but no costs shall be taxed in such proceeding, against the estate, unless it is brought by such surviving, succeeding or co-executor, or co-administrator," etc.

The statute means, that the action may be brought by a surviving, or co-executor or co-administrator, or by a succeeding administrator; that is, one who has taken the place of or succeeded another—a subsequent one. The provision that no costs shall be taxed against the estate, " unless it is brought by such surviving, succeeding, or co-executor, or co-administrator," if the construction were otherwise doubtful, shows, we think, that such was the intention of the legislature. It was manifestly the intention to include an admin-

istrator *de bonis non.    Graham* v. *The State,* 7 Ind. 470; *The State, ex rel. Wright,* v. *Porter,* 9 Ind. 342.

It is also objected, that the execution of the bonds was not proved. No such objection was made to their being read in evidence.

The objection that the court has no jurisdiction to try a claim against an estate, where the legal representative of a deceased joint obligor is a proper or necessary party in an action against the survivor, cannot be sustained. In the well considered case of *Braxton* v. *The State, ex rel. Albert,* 25 Ind. 82, the contrary was held, and an action like this was maintained. It was followed by *Owen* v. *The State,* 25 Ind. 107. We adhere to those cases.

Section 70, 2 G. & H. 504, relates to claims filed against an estate, and is not applicable to a joint action brought against the administrator and others on a joint obligation. In such cases, the judgment may be against all the parties for the full amount, and not against the administrator for a proportionate amount. The verdict in *Braxton* v. *The State, etc., supra,* seems to have been for the full amount against all the parties. The instruction asked, that if the jury should find for the plaintiff against the appellant, "they could find him liable only for the aliquot part upon either bond; that is, one-fourth the amount they may find upon the first bond, and one-third part they may find upon the second bond," was correctly refused.

One of the reasons for a new trial as stated in the motion is, that "the verdict was contrary to the evidence, because neither bond offered in evidence was proved to have been executed by the said Jacob Neiman, deceased, the testator of said Benjamin Myers." It is now urged here, that the verdict was contrary to law, and not sustained by the evidence.

One of the statutory causes for a new trial is, that the verdict or decision is not sustained by sufficient evidence, or is contrary to law. 2 G. & H. 212. We think where the party, in his motion, limits the ground, as the appellant did, he is bound by it, and cannot, on appeal, convert such a

motion into one, on the general ground that the verdict is not sustained by sufficient evidence. But we have examined the evidence, and think it sustains the verdict.

The judgment is affirmed, with costs.

### On Petition for a Rehearing.

Per Curiam.—We are asked to grant a rehearing in this case.

When the bonds were offered in evidence, the appellant objected to their being read to the jury, and specified four objections:

1. The evidence was incompetent.
2. It was insufficient.
3. The bonds were taken without authority of law.
4. They were superseded by another bond.

He did not object because their execution was not proved. That was done for the first time in the motion for a new trial.

The appellant says that the appellee had a right to read the bonds in evidence, without proof of their execution, against his co-defendants who executed them. If proof of their execution was necessary at all, as against the appellant, then they could not be read in evidence as against him, over his objection on that ground, without such proof. *Taylor* v. *Gay*, 6 Blackf. 150. His position was the same as that of one who denies on oath the execution of a written instrument. In such case it cannot be read in evidence until its execution is proved, if objection is made. Sec. 80, 2 G. & H. 105. But if it is allowed to be read in evidence, without such proof and without objection, proof of its execution will be considered as waived.

As we have seen, he urged four reasons or objections against the introduction of the bonds in evidence, and we think it unreasonable to allow him to make other objections after a verdict against him. Having once waived the objection, he ought not to be permitted to make it when it is too late for the appellee to avoid it.

The petition for a rehearing is overruled.