Day v. Worland et al.

Filed Dec. 13, 1883.

No. 9763.

Day v. Worland et al.

Liens.—*Priority.—Judgment on Administrator's Bond.—Mortgage.*—A judgment on an administrator's bond is a lien on the real estate of the defendants thereto from the commencement of the suit thereon, and will have priority over a mortgage executed after that time. R. S. 1881, section 609.

Same.—*Notice.—Title of Cause.—Misnomer.*—The priority of lien to which a judgment on an administrator's bond is entitled, over a mortgage executed after the beginning of the suit, is not affected by the fact that the clerk had so misnamed the parties in the order-book and dockets that they would not indicate the pendency of such a suit, if the mortgagor was not misled thereby.

From the Shelby Circuit Court.

*A. Major, S. Major, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellant. *T. B. Adams* and *L. T. Michener,* for appellees.

Black, C.—The appellant, Jane T. Day, sued the appellee Leo H. Worland and his wife upon his promissory note, and to foreclose a mortgage on certain real estate owned by him, executed by him and his said wife to secure said note. Pending the action Mrs. Worland died, and the suit was discontinued as to her. The other appellees, William Miller, Simon B. Worland, and Erastus L. Floyd, administrator *de bonis non* of the estate of Benjamin M. Bowen, deceased, were also made defendants.

The question in dispute here relates to the giving by the court below of priority over said mortgage to a certain judgment of which said Simon B. Worland was the owner by as-

signment, the question being involved in the ruling upon de-
murrer to an answer of said Simon, and in the conclusions of
law in a special finding.

The facts which illustrate this question were as follows:

The note and mortgage were executed to the appellant on
the 21st of February, 1878, the mortgage being on certain
real estate in Shelby county owned by the mortgagor, Leo H.
Worland. The mortgage debt for which appellant sued was
due and unpaid.

On the 1st of January, 1869, one Benjamin M. Bowen died,
intestate, in Shelby county, and one Amos E. Gregg was duly
appointed administrator of his estate; and on the 11th of Oc-
tober, 1869, said Gregg, with the appellee Leo H. Worland,
executed their bond to the State of Indiana in the sum of
$3,000, conditioned that said Gregg should faithfully discharge
the duties of his trust as such administrator. On the 16th of
February, 1872, said Gregg died, and Erastus L. Floyd was
duly appointed administrator *de bonis non* of the estate of said
Bowen, deceased. William L. Worland was appointed exec-
utor of the will of said Gregg, deceased.

On the 25th of October, 1872, said Floyd, as such admin-
istrator, filed in the office of the clerk of the court of com-
mon pleas of Shelby county his complaint on the bond afore-
said against William L. Worland, as such executor, and Leo
H. Worland, wherein said Floyd, as such administrator, de-
manded judgment for certain assigned breaches of said bond.

At the date last mentioned, said Leo H. Worland owned
said premises afterward mortgaged to appellant as aforesaid,
and he was still the owner thereof when the action at bar was
pending in the court below.

At the time of the filing of said complaint on said bond,
the action which it was thereby intended to institute was
therein entitled thus: " Erastus L. Floyd, administrator *de
bonis non* of the estate of Benjamin M. Bowen, deceased, *v.*
William L. Worland, executor of the last will of Amos E.
Gregg, deceased, and Leo H. Worland, defendants."

By this title the cause was placed upon the entry docket and other dockets, and the order books of said court of common pleas; and when that court was abolished said cause was transferred to the circuit court of said county, and was placed upon the court docket and issue docket and order books of said circuit court under the same title; and it so continued to be placed upon order books and dockets of said circuit court until the 30th of November, 1878, when final judgment was rendered in the cause, and it was entitled thus: "State of Indiana, *ex rel.* Erastus L. Floyd, as administrator *de bonis non* of the estate of Benjamin M. Bowen, deceased, *v.* James C. Sleeth, administrator *de bonis non* with the will annexed of Amos E. Gregg, deceased, Leo H. Worland."

On the 24th day of January, 1876, said plaintiff Floyd obtained leave of court to amend his said complaint, to which at the time a demurrer of the defendants and a separate demurer of the defendant Leo H. Worland were pending, and thereupon the plaintiff's counsel inserted in the complaint the words "The State of Indiana, on the relation of," so as to make the names of the parties to the complaint read as follows: "The State of Indiana, on the relation of Erastus L. Floyd, administrator *de bonis non* of the estate of Benjamin M. Bowen, deceased, plaintiff, *v.* William L. Worland, executor of the last will of Amos E. Gregg, deceased, and Leo H. Worland, defendants."

And the plaintiff's counsel filed said complaint as so amended, and thereupon the court made the following entry in the order book of said circuit court, on the day last mentioned: "Come the parties by their attorneys, and the plaintiff now asks and obtains leave of court to amend his complaint, to which the defendants at the time object and except, and thereupon files the same, as amended, in the words and figures following, to wit (here insert)."

No summons was issued on said amended complaint or on said original complaint, and, as shown by the entries in the order books of said courts, said Leo H. Worland did not appear in said cause in said courts otherwise than "by attorney."

On the 21st of March, 1877, the defendants in said cause, including Leo H. Worland, filed an answer to said amended complaint, the parties being designated in said answer as they were in said amended complaint, as aforesaid, said answer being signed and filed by Alonzo Blair as an attorney for the defendants, he being their attorney in said cause and having competent authority to do so.

On the 11th of June, 1877, William L. Worland resigned his trust as executor of the will of said Gregg, deceased, and thereafter one James C. Sleeth was duly appointed his successor, and on the 18th of March, 1878, he was substituted as a defendant in said action on said bond.

On the 30th of November, 1878, final judgment was rendered in said cause in said court, in favor of "the State of Indiana, on the relation of Erastus L. Floyd, as administrator *de bonis non* of the estate of Benjamin M. Bowen, deceased, against James C. Sleeth, as administrator *de bonis non* with the will annexed of the estate of Amos E. Gregg, deceased, and Leo H. Worland," for the sum of $1,400, as and for the plaintiff's damages on said bond.

The appellant had not at any time personal knowledge of the pendency of said action on said bond; nor did she or any one in her behalf make any inquiry or examination for any pending cause affecting the lands of Leo H. Worland.

Said judgment was assigned by said Floyd as such administrator to William Miller, who re-assigned it to said Floyd, administrator, who upon the order of the court sold and assigned it to one Ray, who sold and assigned it to the appellee Simon B. Worland, all said assignments being made upon the order book.

The court concluded that said judgment was a lien on said real estate from the 24th of January, 1876, and a prior lien to appellant's mortgage; and the question as to which lien was the prior one is the only question in the case to which we are required to respond by the briefs of counsel.

It is provided by statute that "Judgments on bonds pay-

able to the State of Indiana shall bind the real estate of the debtor from the commencement of the action." Section 414, code 1852; section 609, R. S. 1881.

It is also provided that "Actions upon official bonds, and bonds payable to the State, shall be brought in the name of the State of Indiana, upon the relation of the party interested." Section 7, code 1852; section 253, R. S. 1881.

Under sections 162 and 163 of the act relating to the settlement of the estates of decedents, 2 R. S. 1876, pp. 549–551, the action on the bond of the deceased administrator, Gregg, could be brought by and on the relation of his successor in the trust. Graham v. State, ex rel., 7 Ind. 470; State, ex rel., v. Porter, 9 Ind. 342; Myers v. State, ex rel., 47 Ind. 293.

The bond of the administrator was properly made payable to the State of Indiana. Section 19, 2 R. S. 1876, p. 500.

The surety on such a bond is a debtor within the meaning of said section 414, code 1852, and section 609, R. S. 1881. Shane v. Francis, 30 Ind. 92.

The mortgage in suit was executed on the 21st of February, 1878. The court below held that the action on the bond was commenced, within the meaning of the statute, when, the parties being in court by their authorized attorneys, the amendment of the complaint was made, and that the judgment afterward rendered in that action bound the real estate of the surety from the date of such amendment, the 24th of January, 1876.

We are not called upon to decide whether the amendment was such as should have been regarded as relating back to the first appearance of the defendants, or was properly regarded as the substitution of a new plaintiff. Certainly, at the time of the execution of the mortgage, an action was pending on the bond, which resulted in a judgment in favor of the plaintiff therein. It can not be said the action was not pending, because, although the pleadings which constituted part of the record showed that the action was being carried on by and against proper parties, the clerk, in entitling the cause in the order-books, failed to show the amended title. What, if any,

effect this omission of the clerk might have had if the appellant were claiming to have been misled and induced to change her situation thereby, is not a question in the case; for, if she could claim to be misled by reliance on the title, in the dockets and order-books, of the action against her mortgagor, she made no enquiry or examination.

Nor need we decide whether failure to prosecute with due diligence such an action, properly commenced, will change the statutory effect of the judgment obtained; for, after the amendment was made and within less than a year before the execution of the mortgage, an answer was filed and a rule to reply was taken, and afterward, but before the execution of the mortgage, the executor defendant resigned his trust.

The judgment on such a bond binds the real estate of the judgment debtor by relation. The statute makes no reservation in favor of purchasers or mortgagees in good faith, for value and without notice. One who takes a mortgage on such real estate after the commencement of the action will take subject to the judgment afterward rendered therein, at least where there are no facts such as should create an estoppel as against the real plaintiff, the relator.

We can not see that the appellant has any right to complain of the judgment, and we think it should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.

Filed Nov. 9, 1883. Petition for a rehearing overruled Dec. 13, 1883.

