Lucas, Administrator, *v.* Donaldson, Administrator.

Filed Jan. 26, 1889.

---

No. 13,463.

## LUCAS, ADMINISTRATOR, *v.* DONALDSON, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Estate of a Deceased Administrator.—Causes for which Suit against Can be Maintained.*—The estate of a deceased administrator can not be subjected to the costs of a suit, unless the administrator had neglected some duty, or unless he had been guilty of some default, for which a suit might have been maintained against him had he lived.

SAME.—*Bond of Deceased Administrator.—Suit Upon.*—Suit can be maintained on the bond of a deceased administrator for the violation of any of the duties of his trust. Section 2458, R. S. 1881.

SAME.—*Settlement of Trust by Administrator.*—It is the duty of the executor or administrator to take possession of trust funds which remain in the hands of the decedent at the date of his death, and to settle his accounts in relation to the trust. The administrator or executor is not bound to proceed to the execution of the trust, but must preserve the fund for those entitled, and must pay it over to them, or to some one duly authorized to receive it, under the order of the proper court.

SAME.—*Pleading.—Complaint against an Estate.— What it Must Contain.*—A complaint against an estate need not be technically formal, but it must state the facts essential to show that the estate is liable under the statute.

From the Montgomery Circuit Court.

*L. J. Coppage,* for appellant.

*G. W. Paul, J. E. Humphries, W. E. Humphries* and *W. M. Reeves,* for appellee.

MITCHELL, J.—Lucas, as administrator *de bonis non* of the estate of Louisa C. O'Rear, filed a claim against the estate of Joseph O'Rear, deceased, of which Donaldson was the administrator. The complaint, or statement of the claim, was in two paragraphs. In the first it was alleged that Mrs. O'Rear died in the county of Montgomery—the date of her death not being stated—and that Joseph O'Rear was afterwards duly appointed administrator of her estate, and that while so acting he collected six hundred dollars due the estate from one Patterson, the latter having executed his promissory note payable to the decedent for that sum in her lifetime. It is averred that Joseph O'Rear died in the year 1884, after having collected the money due on the note above mentioned, and that the plaintiff, Lucas, was afterwards appointed administrator *de bonis non* of the estate of Louisa C. O'Rear, and that the defendant, Donaldson, was the duly appointed and qualified administrator of the estate of Joseph O'Rear. It is alleged that the above mentioned " sum of six hundred dollars is due the plaintiff, with the interest thereon."

The averment in the second paragraph is, that the defendant is indebted to the plaintiff in the sum of eight hundred dollars for money collected by Joseph O'Rear while admin-

istrator of the estate of Louisa C. O'Rear, deceased. To this paragraph there is a bill of particulars attached which shows that the money claimed to be due is that collected on the Patterson note.

The question is made here that the complaint does not state facts sufficient to constitute a cause of action. It is very certain that neither paragraph of the complaint states a cause of action against the estate of Joseph O'Rear. The facts stated show nothing more than that the intestate had, prior to his death, collected six hundred dollars, and interest, due on a note from one Patterson, to the estate of which he was the administrator. It may be inferred that he died with the proceeds of the note in his hands, but there is no suggestion that he was in default in respect to any duty required of him by the statute, or that he had in any way violated his trust as administrator. Surely the estate of a deceased administrator can not be subjected to the costs of a suit, unless the administrator had neglected some duty, or unless he had been guilty of some default, for which a suit might have been maintained against him in case he had lived. Besides, it does not appear that the amount collected from Patterson constituted the entire sum collected by the deceased administrator, or that the state of his account was such that a judgment for the sum so collected would effect a final settlement of his account with the estate. Upon what principle can this isolated item be singled out, and a suit, in the nature of a common law action, maintained for it against the administrator of Joseph O'Rear?

The duty of taking possession of trust funds which remain in the hands of a decedent at the date of his death, and of settling his accounts in relation to the trust, is devolved primarily upon his executor or administrator. The latter is not bound to proceed in the execution of the trust, but must preserve the fund for those entitled; and pay it over to them or to some one duly authorized to receive it, under the order of the proper court. *Silvers* v. *Canary*, 114 Ind. 129.

It is to be presumed, until the contrary appears, that the administrator of Joseph O'Rear obtained possession of all funds remaining on hand belonging to the estate of Louisa C. O'Rear, and that he will pay them over to the persons entitled; or, if there be doubt or dispute, that he will report them with an account of the doings of his intestate to the proper court in due time.

If an unreasonable delay occurs, an application to the court having control of the administrator will be effectual to produce the fund and the account, or a statement of the reasons why they are not forthcoming, when, if the facts justify it, a suit upon the bond of his predecessor will accomplish the whole duty, and exhaust the power of the administrator *de bonis non* in that behalf.

The remedy against the representatives of a deceased administrator is wholly statutory, the rule of the common law being that a *devastavit* committed by an executor or administrator was a personal tort, which died with the person. *Young* v. *Kimball*, 8 Blackf. 167.

Accordingly, it was formerly held that an administrator *de bonis non* could only recover such of the goods, chattels and choses in action as remained unadministered, and which could be distinctly designated and distinguished as the property of his intestate, and that he could not call the representative of a deceased administrator to account for property wasted or converted, even by a suit upon the bond. *State, ex rel.*, v. *Gooding*, 8 Blackf. 567; *Anthony* v. *McCall*, 3 Blackf. 86; *Ferguson* v. *Sweeney*, 6 Blackf. 547; *Carrick* v. *Carrick*, 23 N. J. Eq. 364; *Potts* v. *Smith*, 3 Rawle, 361; *Rowan* v. *Kirkpatrick*, 14 Ill. 1; *Newhall* v. *Turney*, 14 Ill. 338; *Slaughter* v. *Froman*, 5 Monroe, 19; *Cheatham* v. *Burfoot*, 9 Leigh, 580; *Wilson* v. *Ames*, McAr. & M. 278.

By section 382, Revised Statutes of 1843, p. 557, it was provided that "The executors and administrators of every person, who, as executor, either of right or in his own wrong, or as administrator, shall have wasted or converted to his own

Lucas, Administrator, v. Donaldson, Administrator.

use, any goods, chattels, or estate of any deceased person, shall be chargeable in the same manner as their testator or intestate would have been if living."

This statute was available to heirs, legatees, creditors, etc., but a succeeding administrator had no power to sue under its provisions. *Young* v. *Kimball, supra.*

Subsequently other modifications of the statute followed, and by section 2458, R. S. 1881, now in force, creditors, heirs, legatees, or surviving or succeeding executors or administrators, are authorized to sue on the bond of any executor or administrator in certain specified cases, and for the violation of any of the duties of his trust. *Day* v. *Worland,* 92 Ind. 75; *Graham* v. *State, ex rel.,* 7 Ind. 470; *Myers* v. *State, ex rel.,* 47 Ind. 293.

The infirmity in the complaint in the present case is a radical one. The action is not upon the bond of the deceased administrator, nor does the complaint show any breach of statutory duty whatever, or other violation of the duties of his trust by the intestate. It does not appear that any debts remain unpaid, or that there is any property to be administered, or that there is any other reason for the intervention of an administrator *de bonis non* than to obtain possession of the money in dispute, and distribute it to the persons entitled. If nothing else remains to be done, the intervention of a new administrator is wholly unnecessary, as in case the money is in the hands of the administrator of Joseph O'Rear, the court can order him to pay it to those entitled, and if the property has all been administered and converted, the proper heirs and distributees of Louisa C. O'Rear can sue under section 2458, above.

We agree with counsel that a complaint against an estate need not be technically formal, but it must state the facts essential to show that the estate is liable under the statute. In that respect the complaint under consideration is wholly deficient.

As to the proper method of accounting, it is only neces-

sary to say that if it shall appear that the deceased adminis-
trator distributed the residue of the estate, after paying the
debts and costs of administration, to those legally entitled, or
if he paid out the money in good faith to, or for the benefit
of, the proper heirs of his intestate in such manner as that he
would have been entitled under the law to .credit therefor in
case of a final settlement made by him while living, or if that
has since been done by his administrator, the estate can not
be held further liable.   *Searcy* v. *State, ex rel.,* 93 Ind. 556 ;
*Reagan* v. *Long;* 21 Ind. 264; *Leach* v. *Prebster,* 35 Ind.
415.

The foregoing considerations lead to a reversal of the judg-
ment.

Judgment reversed, with costs.

Filed Jan. 29, 1889.