ORMES' ESTATE *v.* BROWN, ADMINISTRATOR.

[No. 2,743. Filed Feb. 22, 1899. Rehearing denied June 28, 1899.]

EXECUTORS AND ADMINISTRATORS. — *Misappropriation of Trust Funds.—Action for Recovery Cannot be Maintained Against Estate of Administrator by Administrator De Bonis Non.*—An action cannot be maintained against the estate of a deceased administrator by an administrator *de bonis non* for the misappropriation of funds of such estate; such action must be brought on his official bond under the provisions of section 2458 R. S. 1881.

From the Rush Circuit Court. *Reversed.*

*W. A. Cullen, W. H. Martin* and *J. D. Megee,* for appellant.

*D. Morris, S. L. Innis, G. W. Morgan* and *H. E. Barrett,* for appellee.

WILEY, J.—This action presents a controversy between two estates. Henry Ormes, deceased, was administrator of the estate of Thomas W. Hilligoss, deceased, and it is here sought to hold the estate of the former liable for an alleged misapplication and conversion of money and property belonging to the estate of the latter, in a common law action. The case was first put at issue upon the verified claim filed by appellee, by answer and reply. Upon the issues thus joined the case was submitted to the court for trial, and after the evidence was partly heard, a continuance was granted on appellee's motion, to the end that he might amend his complaint. Subsequently an amended complaint was filed, upon which the case was finally tried.

The amended complaint avers that John W. Hilligoss died intestate, and at the time of his death was the owner of real estate of the value of $4,500, and of personal property of the value of $209; that Henry Ormes was appointed administrator of his estate, and took upon himself the settlement thereof; that there came into his hands as such administrator $6,018.52 in cash, and personal property appraised at $209; that on November 29, 1893, said Ormes died intestate, without having fully and finally settled said estate; that he used all the assets of said estate except $253.08, without having paid all the costs and expenses of administration, and without having paid the claim of the widow of $500, her statutory allowance; that he used the assets of said estate in the payment of unlawful claims, converted said assets to his own use, and leaving due the widow, as her part of $500, the sum of $275, and a number of other due and unpaid claims. A list of the unpaid claims is then set out, and in all they aggregate, with interest, $463.80. It is then averred that appellee was duly appointed and qualified as administrator *de bonis non* of said estate, and entered upon the duties of said trust.

A demurrer was addressed to the amended complaint, which was overruled and appellant excepted. The issues were joined by an answer in three paragraphs, and a reply in two, but as no questions are presented by the record for decision arising upon the answer or reply, we need not refer to them further. The case was tried by the court, resulting in a general finding and judgment for appellee. Appellant's motion for a new trial was overruled, and he has assigned errors: . (1) That the court erred in overruling his demurrer to the amended complaint, and (2) that the court erred in overruling his motion for a new trial. We will determine the questions presented in their order.

Appellant enters upon a discussion of the alleged insufficiency of the complaint, by referring to the common law rule that an administrator *de bonis non* succeeds only to the rights

of his predecessor in the particular assets of the trust which remain unadministered at the time of his appointment, and that he could not recover from the estate of his predecessor for a wrongful application or conversion of the trust assets. The settlement of decedents' estates is regulated in this State by statute, and the duty and authority of administrators and executors are likewise prescribed. There are provisions for the appointment of an administrator *de bonis non*, and when thus appointed he "shall have the same rights and be subject to the same liabilities as the administrator first appointed." Section 2240 Horner 1897. The term *de bonis non* has a strict and limited meaning, and being strictly interpreted is "of the goods not yet administered." The common law rule is forcibly and succinctly stated in Vol. 8 Ency. of Pl. & Pr. p. 654, as follows: "At common law an administrator *de bonis non* succeeds to rights which belonged to the first executor or administrator, and is entitled to recover such assets of the estate as remain unadministered in specie, and such of the debts due the decedent as remain unpaid. But his authority does not extend to assets already administered, and cannot sue his predecessor, or, in case of his decease, his personal representative, for any part of the estate sold, converted or wasted by him." If, therefore, an administrator *de bonis non* has any right of action against his predecessor, or personally, or against his estate, in case of his decease, it must be by virtue of some right conferred upon him by statute, for it is plain that he has no such right under the common law. The only statute now in force as to the right of an administrator to sue his successor is section 2458 Horner 1897, which is as follows: "Any executor or administrator may be sued, on his bond, by any creditor, heir, legatee, or surviving or succeeding executor or administrator, co-executor or co-administrator of the same estate, for any of the following causes, viz.: Fifth. Embezzling, concealing or converting to his own use such property. Tenth. Any other violation of the duties of his trust." There are ten

causes specified, which would authorize such action, but the two set out are the only ones that have any application to the facts here pleaded.   It has been held that any misapplication of the trust fund is a conversion of it, and a suable breach of the official bond.   *State* v. *Sanders*, 62 Ind. 562; *Fleece* v. *Jones*, 71 Ind. 340.

The complaint in the case before us unquestionably shows a misappropriation of the funds of the estate, and hence shows a conversion for which the first administrator would be liable upon his bond.   As to whether his estate is liable, in an action by his successor, depends upon the construction put upon the statute cited, and similar statutes concerning the same subject-matter.   The case of *Anthony, Adm.*, v. *McCall, Adm.*, 3 Blackf. 86, was very similar to the one now before us.   There the action was by appellant, as administrator *de bonis non* of the estate of one Abraham Carey, against McCall, administrator of Samuel Carey, and it was to recover from the latter's estate for a conversion of funds of the estate of appellant's decedent while Samuel Carey was such administrator.   The court said:   "By one of the first rules of pleading, an action can only be brought by the person who has the legal right of action.   The sufficiency of the declaration must, therefore, depend upon the legal rights and power of an administrator *de bonis non.* He is entitled to all the goods and personal estate, etc., which remain in specie, and were not administered by the first executor or administrator, as well as to all debts due and owing to the testator or intestate.   The original representative, executor, or administrator, is liable for a *devastavit*, but such liability is not enforced, at the suit of the administrator *de bonis non.* The administrations are distinct.   Each has peculiar duties and responsibilities.   In the event of a *devastavit* committed by either, the heirs, creditors, and others, whose legal rights are affected, by appropriate action, may obtain redress.   The administrator *de bonis non*, having no legal right of action, cannot be the medium of such redress, unless authorized by

statute." In the case of *Coleman, Adm.,* v. *McMurdo,* 5
Rand. 51, it was held that the administrator *de bonis non*
could not bring an action, as the one to which we have just
referred, either in law or equity. The case of *Young* v.
*Kimball,* 8 Blackf. 166-7, was an action in chancery by
an administrator *de bonis non,* against the estate of his
trust predecessor to recover for an alleged *devastavit* of the
trust funds. In that case the court said: "The main ques-
tion arising in the case is whether the bill will lie? It
charges a *devastavit,* a conversion of the goods of the in-
testate to the use of the administrator. If the commission
of a *devastavit* by an administrator amounts to an admin-
istration of the goods of the intestate to the extent of the
*devastavit,* then neither a bill in chancery nor suit at law
can be maintained against the representative of such ad-
ministrator by the administrator *de bonis non* for the re-
covery of the value of the goods, etc., included in the
*devastavit,* for the plain reason that the power and duty of
an administrator *de bonis non,* by the terms of his commis-
sion, extend only to the unadministered goods, etc., of the
deceased. That a *devastavit* does constitute such an adminis-
tration as places the goods, (and the value of them) converted
or wasted, beyond the authority of an administrator *de bonis
non,* seems settled by all the authorities; though it does not
constitute such an administration as discharges the adminis-
trator, guilty of the wrong, from liability under the statute
to those interested. * * * This will plainly appear
when we consider, that, at common law, there was no remedy
against the representative of a deceased executor or adminis-
trator for a *devastavit* committed by such decedent. The
remedy being statutory, the statute will determine the nature
of it." Citing *Anthony* v. *McCall,* 3 Blackf. 86; *Coleman*
v. *McMurdo,* 5 Rand. 51, and *Hagthorp* v. *Hook's Adm.,* 1
Gill. & Johns. 270.

The case of *Young* v. *Kimball, supra,* was decided while
the statute of 1843 was in force. Section 382, R. S. 1843,

p. 557, provided that, "the executors and administrators of every person who, as executor, either of right or in his own wrong, or as administrator, shall have wasted or converted to his own use any goods, chattels, or estate of any deceased person, shall be chargeable in the same manner as their testator or intestate would have been if living." After quoting the section, the court said: "Which section, in this State, renders them liable to creditors, distributees, etc. The remedy, being given by statute to these persons, is clearly not vested in administrators *de bonis non.*" A much later decision to the same effect is the case of *Lucas, Adm.,* v. *Donaldson, Adm.,* 117 Ind. 139. In that case appellant was administrator *de bonis non* of the estate of Louisa C. O`Rear, and filed a claim against the estate of Joseph O'Rear, of which estate Donaldson was administrator. It was alleged that said Joseph O'Rear had been the administrator of the estate of Louisa C. O'Rear, and as such administrator had collected a certain sum of money belonging to said trust, and died without having paid over or accounted for the same. To the complaint, a demurrer for want of facts was addressed. Mitchell, J., speaking for the court, said: "The remedy against the representative of a deceased administrator is wholly statutory, the rule of the common law being that a *devastavit* committed by an executor or administrator was a personal tort, which died with the person." Again referring to the statute of 1843, in force when *Young* v. *Kimball,* *supra,* was decided, the court further said: "This statute was available to heirs, legatees, creditors, etc., but a succeeding administrator had no power to sue under its provisions. Subsequently other modifications of the statute followed, and by section 2458 R. S. 1881, now in force, creditors, heirs, legatees, or surviving or succeeding executors or administrators are authorized to sue on the bond of any executor or administrator in certain specified cases, and for the violation of any of the duties of his trust." It was held in the case

from which we have just quoted that the demurrer was well taken.

Section 2458 R. S. 1881, *supra*, was the statute relating to the subject under discussion when *Lucas* v. *Donaldson, supra,* was decided. That statute, without change or modification, has been carried forward in Burns 1894, being section 2613, and again in Horner 1897, being section 2458. It is only by virtue of that statute that a right of action is given to an executor for a *devastavit* of his predecessor, and that right of action is upon the bond. The common law rule to which we have adverted has not been changed by statute. In *Lucas* v. *Donaldson, supra,* the cause of action was founded upon the same principle and theory as the one at bar, and the Supreme Court referred to it in the body of the opinion as a "common law action", and held that it would not lie.

The only case cited and relied upon by appellee in support of the sufficiency of the complaint is *Nelson, Adm.,* v. *Corwin, Adm.,* 59 Ind. 489. The complaint in that case was upon a bond and the facts averred, briefly stated, were as follows: That one Wm. Griffith was the owner of certain land and personal property; that by his will he devised his real estate to his only child, Nancy J., and bequeathed to her $200 in money on certain conditions; that by said will one Abel Griffith was appointed executor; that said William died, leaving said will in force, and that said child survived him; that at William's death said will was probated, and said Abel, as such executor, executed a bond in the sum of $500, with Allen Makepeace surety; that, as such executor, personal property came into the possession of said Abel, of the value of $1,200, being $800 more than was required to pay the debts of said estate; that said Abel converted said property to his own use; that he died, and his estate was settled as insolvent; that said Nancy Jane, while still a minor, intermarried with one Wm. L. Bird, and remained his wife till she died; that appellee became administrator of her estate; that said Allen Makepeace died, and appellee became admin-

istrator of his estate. Upon these facts it was held that a common law action would not lie, but that under the statute an action upon the bond could be maintained. In deciding the case, the court said: "The right of Mrs. Bird [nee Griffith, the devisee] to sue on the bond for the conversion of the personal property is fully recognized by section 162, p. 549, 2 R. S. 1876. Her interest in the estate is sufficiently shown by the averments of the complaint, as to the contents of the will. When Abel Griffith died, a separate right of action survived to her against Makepeace, his surety, and she had the option to proceed either against the estate of said Abel Griffith, or against Makepeace, for any deficiency which the estate of said Griffith might not have been able to pay." From the complaint in that case, and the language of the court, it is plain that the only question for decision was appellee's right to proceed upon the bond of Abel Griffith to recover for the conversion of the personal assets of the estate of which he was administrator. And although Abel was dead, and his estate was insolvent, and his surety was also dead, yet the right of action survived to the devisee under the will, and hence to her administrator, her legal representative, and as such he could maintain an action upon the bond as against the estate of the surety.

The case does not lend support to appellee's position, but is really against it. It does not overrule the earlier decisions, but is in harmony with them, and also in line with the principles discussed in *Lucas* v. *Donaldson*, 117 Ind. 139. Section 162 Vol. 2, R. S. 1876, is identical with section 2458 Horner 1897. Appellee has his remedy under sections 2458 and 2459 Horner 1897, and, as construed in *Myers, Ex., etc., v. State, ex rel.,* 47 Ind. 293, but he can have no relief in his action as presented by the record before us.

As the only right of action given by statute to an administrator *de bonis non* for a conversion of any part of the personal assets of the estate of his predecessor is upon his official bond, and as an action will not lie in his favor for a tort of

his predecessor, as such tort dies with him, it follows that, as the complaint proceeds upon the latter theory, it was wholly insufficient. That it was the manifest intention of the legislature in section 2458, *supra*, to include an administrator *de bonis non*, we cite *Graham* v. *State*, 7 Ind. 470, 65 Am. Dec. 745; *State, ex rel.,* v. *Porter*, 9 Ind. 342, and *Myers, Ex.*, v. *State, ex rel.*, 47 Ind. 293. These considerations lead to a reversal, and make it unnecessary for us to decide other questions presented by the record. Judgment reversed.

Henley, J., did not participate in the decision of this case.