Sheeks, Adm., v. State, ex rel.

SHEEKS, ADMINISTRATOR, ET AL. *v.* THE STATE, EX REL. ALEXANDER, ADMINISTRATOR.

[No. 19,061. Filed April 19, 1901.]

APPEAL AND ERROR.—*Joint Assignment.*—No question is presented on appeal by a joint assignment of error, where all of the parties joining in the assignment are not affected by the error complained of. *p. 509.*

SAME.—*Demurrer.*—*Record.*—A ruling on a demurrer to a plea in abatement will not be considered on appeal, where the demurrer is not in the record. *p. 509.*

SAME.—*Assignment of Errors.*—*Motion for New Trial.*—Specifications that the court erred in its conclusions of law and in overruling a motion for a new trial cannot be considered on appeal, where the assignment of errors is joint, and the exceptions to the conclusions of law and motion for a new trial were several only. *p. 509.*

SAME.—*Complaint.*—*Motion to Make More Specific.*—An objection that charges in a complaint against an administrator are indefinite and uncertain cannot be presented for the first time on appeal, but should be presented by a motion to make the complaint more specific. *p. 510.*

EXECUTORS AND ADMINISTRATORS.—*Misfeasance.*—*Action on Bond.*—An action on the bond of an administrator for misfeasances and derelictions may be prosecuted by an administrator de bonis non. *p. 510.*

PRACTICE.—*Venire de Novo.*—The office of a motion for a *venire de novo* is to test the sufficiency of the special finding to sustain the conclusions of law, or of the special verdict to sustain a judgment, and not to determine whether the findings are within the issues. *p. 510.*

From the Lawrence Circuit Court. *Affirmed.*

*J. R. East, R. H. East, McHenry Owen, S. B. Lowe, N. Crooke* and *F. A. Crooke,* for appellants.

*T. J. Brooks, W. F. Brooks* and *J. D. Alexander,* for appellee.

BAKER, J.—In 1889 David L. Sheeks and Helen N. Lewis were appointed administrators of an estate and gave separate bonds for $30,000 each. In 1896 they executed a joint additional bond for $20,000. In 1897 they were

removed and John D. Alexander was appointed administrator *de bonis non.* As relator he began this action upon the three bonds. He recovered judgment on the separate bonds for $7,885; but it was held that there was no liability on the joint bond.

There is a joint assignment of errors by all of the appellants, six in number. Two of them were obligors on the joint bond only. As they have nothing to complain of, the joint assignment of the six that various errors entered into the proceedings and judgment presents no question. *Louisville, etc., R. Co. v. Smoot,* 135 Ind. 220; *Carr v. Carr,* 137 Ind. 232; *Hatfield v. Cummings,* 152 Ind. 280; *Green v. Heaston,* 154 Ind. 127; *Doty v. Patterson,* 155 Ind. 60; *Meyer v. Meyer,* 155 Ind. 569.

There is also a joint assignment of errors by three of the appellants. The joint specification that the court erred in overruling the demurrer of one appellant to the complaint is unavailing. Authorities *supra.* The ruling on the demurrer to the second paragraph of the plea in abatement will not be considered, because the demurrer is not in the record. *Aydelott v. Collings,* 144 Ind. 602; *Head v. Doehleman,* 148 Ind. 145.; *Dunn v. Dunn,* 149 Ind. 424; *Zimmerman v. Gaumer,* 152 Ind. 552; *Jones v. Mayne,* 154 Ind. 400. The specification that the court erred in failing to determine the issue formed on the plea in abatement is contrary to the record, which shows a finding and judgment on that issue in favor of appellee. The specifications that the court erred in its conclusions of law and in overruling the motions for a new trial are futile, since the assignment of errors is joint and the exceptions to the conclusions of law and motion for a new trial were several only. The specification that the court erred in overruling appellants' motion to modify the judgment is not supported by the record, which fails to show such a ruling. There remain but two specifications, (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that the court erred in overruling the motion for a *venire de novo.*

The complaint charged the administrators with a variety of misfeasances and derelictions. The objection that the charges are indefinite and uncertain should have been presented by a motion to make the complaint more specific. The objection that the action on the bonds could not be prosecuted by the administrator *de bonis non* is without foundation. *Graham* v. *State,* 7 Ind. 470, 65 Am. Dec. 745; *State* v. *Porter,* 9 Ind. 342; *Myers* v. *State,* 47 Ind. 293; *Day* v. *Worland,* 92 Ind. 75; *Lucas* v. *Donaldson,* 117 Ind. 139; *Ormes* v. *Brown,* 22 Ind. App. 569; §2613 Burns 1894, §2458 R. S. 1881 and Horner 1897.

The ground of the motion for a *venire de novo* was that the special finding was so indefinite and ambiguous that no judgment could be entered thereon. Appellants do not undertake to point out any uncertainty or ambiguity in the finding, but wholly restrict their argument to an attempt to show that certain findings are not within the issues. The office of the motion for a *venire de novo,* under the practice in this State, is to test the sufficiency of the special finding to sustain the conclusions of law, or of the special verdict to sustain a judgment, and not to determine whether or not the findings are within the issues. The latter office is performed by exceptions to the conclusions of law and by motions for judgment. Elliott's App. Proc. §§759-768.

Judgment affirmed.