Britz *et al. v.* Johnson *et al.*

BRITZ ET AL. *v.* JOHNSON ET AL.

SUPREME COURT.—*Record.—Action to Recover Real Estate.—Trial on Substituted Complaint.—Special Finding.*—The record, in the Supreme Court, of an action to recover real estate, showed a trial of the cause by the court, upon the issues formed upon the original complaint, but that, without any finding having been made, a substituted complaint and an answer thereto were filed ; that trial was had and judgment rendered thereon for the defendant ; and that, on a new trial as of right, by the court, a general and a special finding were made, and judgment rendered by the court, for the defendant.

*Held,* that the original complaint and answer, though copied into the transcript, form no part of the record.

*Held,* also, neither the substituted complaint, the answer thereto, nor the evidence being in the record, that the Supreme Court can not say that the special finding was not within the issues.

SAME.—*Purchase Pendente Lite.—Presumption.*—One fact of such special finding being that the plaintiff had purchased the real estate in question at a sheriff's sale thereof, made after the filing of the complaint and the issue of process in an action by this defendant, against a third person, to recover such real estate, resulting in a judgment for the former, the Supreme Court is bound to presume, in the absence of any thing in the record to the contrary, in favor of the finding and judgment below.

From the Jefferson Circuit Court.

*E. P. Ferris* and *W. W. Spencer,* for appellants.

PERKINS, J.—The record of this cause shows, that, on the 9th day of April, 1872, the appellants commenced a suit to recover a lot or parcel of ground, situate in Madison, Jefferson county, Indiana; that the cause was put at issue at the October term of said court, 1872, and, on the twenty-fifth judicial day of said term, was tried, and taken under advisement by the court; that " afterward, to wit, on the 14th day of August, 1873, the same being the third judicial day of a special term of said court, commencing on the 12th day of August, 1873, before the Hon. JOHN G. BERKSHIRE, judge *pro tem.* of said court, the following further proceedings were had in said cause, to wit: Come the parties, and the plaintiff files substituted

complaint herein, and defendants are ruled to answer; that afterward, on the 15th day of August, 1873 : Come the parties, and the defendants file answer herein, and this cause, being at issue and ready for trial, is submitted to the court," etc.

The court found for the defendants.

The plaintiffs paid the costs, and took a new trial under the statute.

The record further shows, that, without any further change in the pleadings or issues, on the 22d day of May, 1876, this case was submitted to the court for trial, without the intervention of a jury, and the court found generally for the defendants, and also made a special finding of facts, and stated conclusions of law thereon. The plaintiffs appeal to this court.

The pleadings upon which the cause was first tried are not legally in the record. They had been superseded by substituted pleadings. It is enacted by statute, 2 R. S. 1876, p. 242, sec. 559, as follows :

"Neither shall the clerk certify any pleading first filed, when there is an amended pleading of the same matter subsequently filed, embracing all the pleading first filed, and the amendments thereto; but shall certify such amended pleading only."

The case before us falls within this provision of the statute.

A "substituted complaint," *ex vi termini*, imports a complaint filed to take the place of that previously filed, and excludes such previous complaint from the record as an operative pleading in the cause. The answers filed to such superseded complaint, and the issues formed thereby, would necessarily fall, when that complaint was superseded by the complaint substituted in its place.

It will be observed, that the complaint substituted did not simply take the place of the prior complaint in the line of pleading, without changing the issue; but a rule

was taken to answer the substituted complaint, and an answer to it was filed, forming a new issue, upon which the cause was tried. The substituted complaint and answer are not in the record. The pleadings upon which the case was tried not being in the record, we can not properly decide upon the errors assigned, and might, therefore, at this point, affirm the judgment. We think, however, that it may be more satisfactory to the parties, and certainly will be to the court, to present a little more fully the reasons why we can not decide questions going to the merits of the cause.

The circuit court made a special finding of facts, in which it was found that the plaintiffs in this suit, the appellants here, purchased the real estate they are seeking to recover in this suit, at a sheriff's sale, while a suit by the appellees, " to recover the said real estate," duly commenced by the filing of a complaint and the issue and service of summons thereon, was pending, in which suit the appellees recovered said real estate. Holding that suit to have been notice, by *lis pendens*, that court found in favor of the appellees, and against the purchasers, the appellants, at said sheriff's sale, said appellees proving title thereto, according to the special finding.

The appellants complain of that finding.

We can not judge of its correctness without having those proceedings, and the evidence that may have been given in connection with them on the trial of the cause now before us. We can not say that the special finding was not within the issues of the cause, they not being before us, and did not support the allegations of the complaint, and was inconsistent with the general finding.

The character of *lis pendens* which may affect the title of a purchaser is well defined. There must be a suit pending, and the complaint in the suit must disclose the subject-matter of it. In the suit pending when the appel-

lants purchased the property in question, the complaint in it had been filed and process issued. It is enacted, 2 R. S. 1876, p. 46, sec. 34, that an " action shall be deemed to be commenced from the time of issuing the summons," or, " as to those against whom publication is made, from the time of the first publication," a complaint having been previously filed. The suit mentioned was pending, within the provision of our statute. But as to what title to the property was it pending?

In *Leitch* v. *Wells*, 48 N. Y. 585, it is decided, that:

" The commencement of an action by the service of a summons does not create a *lis pendens* affecting third persons not parties to the action. To bind a purchaser *pendente lite* by the judgment, there must also be a bill or complaint on file at the time of his purchase, in which the claim upon the property is set forth." 1 Perry Trusts, sec. 223.

As we have said, the pleadings in the case at bar are not before us, and we can not, therefore, say, with certainty, what was the scope of the issues tried in the cause, nor what were the allegations in the pleadings, nor what was the evidence on which the court made its finding. Nor does the clerk of the circuit court, as contemplated by the provisions of the statute, certify that the transcript filed in the cause, in this court, contains copies of " all papers pertaining to the cause and filed therein," except, etc. 2 R. S. 1876, p. 242, sec. 559.

It is inferable, from what appears in the record, that the suit pending " to recover the real estate " mentioned in the special findings was to recover, not the possession merely, but the real estate, on the ground of fee-simple title thereto. That is the natural meaning of the words, " to recover the real estate." If such was the case, and *prima facie* it was, the judgment below was right, and it devolves upon the appellant to show that it was wrong;

and it is his fault that we have an imperfect transcript of the record alone before us.

We take it, that, where the transcript of a record in this court, on appeal, shows that matters were, or might have been, before the court below, which would have justified the action of that court, it devolves upon the party seeking to reverse that action, to take care that such matters as were before that court are placed before this court, that it may see that they did not justify the rulings and decisions of such lower court.

Where, in such cases as this, it is shown that the judgment of the court below might have been correct, it will be presumed to have been so till the contrary is made to appear.

The judgment is affirmed, with costs.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.