Wilson v. Hefflin.

---

No. 8863.

WILSON *v.* HEFFLIN.

SUPREME COURT.—*Assignment of Errors.—Dismissal.*—After submission of a cause in the Supreme Court, a motion to dismiss the appeal, for the reason that the names of some of the parties are omitted in the assignment of errors, will fail unless harm has resulted from the omission.

Wilson *v.* Hefflin.

Lis Pendens.—*Statute Construed.*—The act of 1877, concerning *lis pendens*, Acts 1877, Spec. Sess., p. 54, had no retroactive effect, and therefore did not apply to cases pending when it took effect, nor did it apply to cases in the courts of the United States.

Same.—*Vendor and Purchaser.*—*Notice.*—Before such act a purchaser of real estate, while a suit was pending concerning it, was bound by the result of the suit, when, at the time of the purchase, the nature of the claim upon the property was disclosed by the pleadings.

From the Tipton Circuit Court.

*F. M. Trissal, A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*J. Green, D. Waugh, J. C. Denny, C. S. Denny* and *W. L. Granger,* for appellee.

BICKNELL, C. C.—This was an action to quiet the title to real estate, brought by the appellant against the appellee and several others. There was a cross-complaint by the appellee, in which she prayed that the land in controversy should be declared subject to the lien of a judgment held by her.

The issues were tried by the court, who, at the request of the appellant, made a special finding of the facts, and stated the conclusions of law separately, as follows:

"On the 20th day of January, 1873, the defendant, Martha A. Hefflin, was the owner of the real estate described in the plaintiff's complaint; she inherited it from her father, and was not, and had not been, the owner of any other real estate in Tipton county; said land was set off to her in the name of Martha A. Wright, in a partition suit among her father's heirs, after which partition she married Reuben T. Hefflin; on the same day that she sold said lands to said Busenbark, she and her husband executed to him a warranty deed therefor, and put him in the quiet and peaceable possession thereof, taking a mortgage to secure the payment of the purchase-money, which was evidenced by two notes, one for $1,000, due in two years, and one for $839, due in four years; by the mutual mistake and inadvertence of all the parties to said mortgage and deed, the land intended to have been described therein was errone-

ously described in said deed and mortgage, as 60 acres off of the north end of the west half of the northeast quarter of section 20, town 21, range 6 east, instead of the proper description thereof, to wit: 60 acres off of the north end of the west half of the southeast quarter of section 20, town 21, range 6 east, in Tipton county, Indiana,. as alleged in her answer and cross-complaint; that said deed and mortgage were recorded on the 15th day of March, 1873, in the recorder's office of Tipton county, Indiana."

The court further finds:

"That on the 20th day of August, 1875, Mrs. Hefflin commenced an action in the Tipton Circuit Court, to foreclose said mortgage, and to obtain judgment upon her said notes secured thereby, against John Busenbark and Lucinda, his wife, and the Victor Sewing Machine Company, defendants, all of whom were duly notified of the bringing of said action, by summons for the next ensuing term of said Tipton Circuit Court.

"That said sewing machine company appeared to said action by her attorneys, and claimed an interest in the notes secured by the mortgage, and upon her appearance and application, caused the transfer of said cause, as to the issue and questions between said company and defendant Hefflin, to the circuit court of the United States for the District of Indiana; but, as to the issue and question between said defendant Hefflin and Busenbark, the cause was continued in the Tipton Circuit Court.

"That said cause remained pending and undetermined in said Tipton Circuit Court, as to said defendant and Busenbark; that John Busenbark appeared thereto, and filed his answer to the complaint on the 9th day of September, 1875.

"That in the complaint, as originally filed in said Tipton Circuit Court, for foreclosure of said mortgage as aforesaid, there was no allegation of a mistake, or prayer for the reformation thereof, but on the 12th day of January, 1877, when said mistake was first discovered by said Hefflin, said

complaint was for the first time amended, so as to allege a mistake in the execution of said mortgage as before stated, and to ask a reformation of said mortgage, and a foreclosure thereof as corrected.

" That on the same day that said amendment to her said complaint was made, said Hefflin (her husband then being dead) executed another deed for the land described in the complaint, to said John Busenbark, which deed was in the usual form of warranty deeds, recited a consideration of $2,000, and contained no reference to its being made for the purpose of correcting the deed made to said John Busenbark when the land was first conveyed to him, but said deed was in fact made for no other consideration or purpose than for the correction of the mistake in the description of the land in the first deed to said Busenbark. After the transfer of said cause to the Circuit Court of the United States, as aforesaid, said cause in said Tipton Circuit Court was regularly continued until the November term, 1878, of said circuit court, when Mrs. Hefflin recovered judgment for $1,900 on her said notes, against said John Busenbark, and a finding of the court that a mistake occurred in the execution of said mortgage as hereinbefore and in her amended complaint stated, and a judgment and order of the court correcting such mistake, so as to describe the land in said mortgage as herein last described, being the correct description, and intended to be so described in the mortgage, and a foreclosure of said mortgage as corrected, against said Busenbark and wife, and a decree and order of sale of the same, described as aforesaid.

" That the said Victor Sewing Machine Company, of Middletown, Connecticut, filed her bill in chancery in the Circuit Court of the United States, for the District of Indiana, against John Busenbark and Lucinda, his wife, and this defendant, on the 15th day of November, 1876, claiming to be the owner of the notes and mortgage aforesaid, alleging the mistake in the execution of said mortgage, as hereinbefore stated, and asking a reformation of such mistake and foreclosure of said

mortgage as set forth in her third paragraph of answer and second paragraph of cross-complaint; that said Martha Hefflin, without any process served upon her, voluntarily appeared in said court on the 8th day of January, 1877, and filed her petition to be made a party to said suit, and was admitted as such, and on the 12th day of March, 1877, she appeared to said action and filed her answer and cross-bill, claiming ownership of said notes and mortgage as set forth and described in the plaintiff's bill of complaint, and asking for a foreclosure of said mortgage in her favor, and for all equitable relief that she was entitled to, but did not allege in her said cross-bill that there had been any mistake in describing said land, nor did she ask any reformation of said mortgage in her cross-bill; afterwards, on the 12th day of March, 1877, said John Busenbark and Lucinda, his wife, appeared to said action in said U. S. Circuit Court, and filed their answer to the complaints. Afterwards, to wit, on the 29th day of June, 1877, such proceedings were had in said cause in said Circuit Court of the United States, that said Martha A. Hefflin was found, by the judgment and decree thereof, to be the owner of said notes and mortgage, and that a mistake had occurred in the description of said land in said mortgage as aforesaid, and a reformation thereof was then and there ordered and decreed by the court, describing said land in said mortgage as last afore described, being the correct description, and the one intended by the parties to said mortgage, as well as judgment of foreclosure in favor of said Martha A. Hefflin for the sum of $2,896.

"The court further finds that the plaintiff, Robert L. Wilson, purchased the lands described in the complaint, on the 31st day of December, 1877, paid a valuable consideration therefor and had no actual notice of the mistake in said mortgage, or that said deed to said John Busenbark, of the 12th of January, 1877, was intended only to correct a former deed, and that he had no actual notice of the pendency of either or any of the suits hereinbefore mentioned. That the plaintiff

has possession of said real estate and obtained such possession from his immediate vendor at the date of his purchase.

" The court further finds that the plaintiff purchased said land from Haymond W. Clark, who purchased the same and took a quitclaim deed of conveyance from said John C. New, on the 8th day of November, 1877; that the consideration expressed therein was one dollar; that said New acquired title by warranty deed from John Busenbark, dated August 14th, 1877, the same being deeded to him by said Busenbark in payment of a mortgage executed by said Busenbark to T. B. Smith and endorsed to him; that said judgments in said United States Court and Tipton Circuit Court are unpaid, unreversed and not appealed from; that said Victor Sewing Machine Company, at the time of the commencement and pendency of her said suit in the United States Court, was a non-resident of the State of Indiana; that all of the defendants to her bill of complaint therein, and all of the grantees of said land under said John Busenbark, were residents of the State of Indiana; that all of the grantees, in the several deeds to said land, subsequent to said Busenbark, purchased and took such deeds while said suit of said Sewing Machine Company and this defendant's answer and cross bill thereto were pending in the United States Court, and while this defendant's action aforesaid was pending in the Tipton Circuit Court to correct the mistake in said mortgage and for a foreclosure thereof.

"The conclusion of law by the court, upon the foregoing facts, is that the defendant Martha A. Hefflin is entitled to enforce her judgment against the land in controversy as against the plaintiff's deed thereto, or his interest in said land, and judgment is rendered in favor of defendant Martha A. Hefflin as against the claims of the plaintiff herein to the extent of her judgment lien upon said land."

The plaintiff excepted to said conclusions of law. Judgment was rendered for the defendant for costs, and the plaintiff appealed.

The errors are assigned as follows:

"1st. The court erred in the conclusions of law upon the special finding of facts made at the request of appellant.

"2d. The court erred in its conclusions of law upon the special finding of facts, in this, that the conclusion of the court, being that the appellee is entitled to a lien upon the real estate described in the complaint, as against the appellant, should have been that the appellant is entitled to hold said real estate free and discharged from any claim or lien of the appellee."

The appellee moves to dismiss the appeal, because all the parties defendants in the suit are not named in the assignment of error; this motion was made on March 25th, 1882; this cause was submitted by agreement on December 20th, 1880. After such a submission, a motion to dismiss the appeal for such a cause can not be sustained. *Truman* v. *Scott*, 72 Ind. 258. In *Hadley* v. *Hill*, 73 Ind. 442, it was held that such a motion is purely technical, and ought to be overruled, unless the omission has done some harm. The motion to dismiss the appeal is overruled.

It is well settled in Indiana, that where there is a sale of real estate pending a litigation concerning it, it is not necessary to make the vendee a party, because he is bound by the result of such litigation, although not a party to it. *Kern* v. *Hazlerigg*, 11 Ind. 443. In *Green* v. *White*, 7 Blackf. 242, this court said: "A *lis pendens*, duly prosecuted, is notice to a purchaser, so as to affect and bind his interest by the decree." In *Worsley* v. *The Earl of Scarborough*, 3 Atk. 392, it was said, all people are supposed to be attentive to what passes in a court of justice, and it is to prevent a greater mischief that would arise by people buying a right under litigation that this principle has been established.

In *Murray* v. *Lylburn*, 2 Johns. Ch. 441, it was held, that a purchase of a right under litigation is a fraud upon the plaintiff, and is so far considered a nullity that it can not avail against his title.

In *Britz* v. *Johnson*, 65 Ind. 561, this court said: "The character of *lis pendens* which may affect the title of a purchaser is well defined. There must be a suit pending, and the complaint in the suit must disclose the subject-matter of it." In *Leitch* v. *Wells*, 48 N. Y. 585, it is said: "The commencement of an action by the service of a summons does not create a *lis pendens* affecting third persons not parties to the action; to bind a purchaser *pendente lite* by the judgment, there must be a bill or complaint on file at the time of his purchase, in which the claim upon the property is set forth."

It appears by the special finding, that Mrs. Hefflin's complaint, in the foreclosure suit in the Tipton Circuit Court, made no mention of the mistakes, and did not give the true description of the property, but was afterwards amended so as to state the mistakes and the true description, and to demand the correction of the mortgage, and its foreclosure as corrected.

After this amendment there was a complaint on file, in which Mrs. Hefflin's claim was set forth, and then there was enough to bind a purchaser, under the authority of *Britz* v. *Johnson, supra.*

This amendment was made on January 12th, 1877; Busenbark conveyed to New on August 14th, 1877; New quitclaimed to Haymond on November 8th, 1877, and Haymond conveyed to the appellant on December 31st, 1877.

Upon the face of the foregoing proceedings, it would seem that the appellant was bound by the decree of the Tipton Circuit Court made at the November term, 1878.

But the suit of Mrs. Hefflin was commenced in August, 1875, against Busenbark and wife and the Victor Sewing Machine Company, and said company removed its branch of the case to the United States Circuit Court, leaving the issues between Mrs. Hefflin and Busenbark and wife still pending in the Tipton Circuit Court.

It appears, also, that said company filed an original bill in

chancery on November 15th, 1876, in said circuit court of the United States, against Busenbark and wife and others, in which bill said company claimed to be the owner of said notes and mortgage, and set forth the mistake aforesaid in the execution of the mortgage, and demanded a correction of the mistake and foreclosure of the mortgage as corrected; that the appellee, on her petition, was admitted to defend in said suit on January 8th, 1877, and on March 12th, 1877, filed her answer and cross-complaint therein, claiming ownership of said notes and mortgage, and demanding all equitable relief, and on the 29th of June, 1877, obtained a decree in said suit, that she was the owner of said notes and mortgage, and that said mistake in said mortgage should be corrected, and the mortgage foreclosed as corrected, in favor of the appellee for $2,896.

Here was a suit in the circuit court of the United States affecting the property, in which the appellee's claim of ownership of the notes and mortgage, and prayer for all equitable relief, was filed on March 12th, 1877, the mistake in the mortgage and the prayer for its correction and foreclosure having been already asserted in the bill in that suit; and in said suit the appellee obtained her decree before the date of the deed to appellant, and before the date of any of the deeds, except the deed made by appellee to Busenbark in correction of the mistake in her first deed. Here was a sufficient *lis pendens* in the circuit court of the United States to bind the appellant.

The counsel for the appellant claim that the rule as to *lis pendens* has been modified by the case of *Etzler* v. *Evans*, 61 Ind. 56, but that case decides only, that an instrument recorded, but not authorized by law to be recorded, is not notice to anybody, and that a mortgage, duly satisfied of record, ceases to be notice to anybody of the existence of the mortgage.

The appellant also claims that the purchaser in this case was protected by the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 54, entitled " An act to provide [for] giving notice of

pending suits, attachments, levies and liens affecting real estate in certain cases," and that it was the duty of the appellee to have filed with the clerk the written notice required by the second section of that act.

That act has no effect upon suits in the United States courts, and has no retroactive operation. Both of the suits were commenced before that act took effect; new statutes apply only to future cases, unless there is something in the nature of the case, or in the language of the statute, which shows it was intended to be retroactive. Potter's Dwarris Statutes, 163, note.

The appellant also claims that, under the act of Congress of March 3d, 1875, sec. 3, Supplement to R. S. U. S., vol. 1, p. 173, it was the duty of the Tipton Circuit Court, after a proper petition for removal and bond filed, to proceed no further; whereas the court proceeded under the repealed act of Congress of March 2, 1867, 2 R. S. U. S., section 639, and transferred one branch only of the case and retained jurisdiction as between the appellee and the other defendants, according to the former practice under said repealed act. If the proceedings in the Tipton Circuit Court can not be attacked collaterally (see *Walker* v. *Heller*, 73 Ind. 46-52; *Evans* v. *Ashby*, 22 Ind. 15), then the appellant, having purchased pending the suit, was bound by the decree, although not a party to the suit; but, even if the action of the Tipton Circuit Court, subsequent to the removal proceedings, could be regarded as without jurisdiction and utterly void, there would still remain the *lis pendens* in the United States Circuit Court, and the appellant, having purchased pending that litigation, was bound by the decree therein.

In reference to this litigation, the appellant claims that because the appellee, in her cross-complaint therein, did not expressly ask to be substituted to the rights claimed by the Sewing Machine Company, and did not allege any mistake, therefore the decree of the U. S. Circuit Court, giving the appellee what she did not ask, was *coram non judice*, and of no validity against a purchaser without notice; but the mis-

take had already been alleged and correction of it demanded in the bill. The appellee, in her cross-complaint, stated her ownership of the notes and mortgage, and prayed for all equitable relief. It was therefore clearly within the jurisdiction of the court to render the decree in favor of the appellee. The substance of the appellee's claim upon the property fully appeared on the face of the proceedings, before the defendant purchased, and before any of the deeds were made, except the appellee's deed to Busenbark, correcting the mistake in the first deed. The appellant was therefore bound by the decree.

The counsel for the appellant also claim that, because Mrs. Hefflin made an absolute deed to Busenbark, not stating therein its purpose as correcting the mistake in the former deed, she is estopped thereby from claiming anything against the appellant, who is a purchaser under Busenbark without actual notice, and that therefore the rule of law, that a purchaser of real estate is chargeable with notice of a pending litigation affecting the title, does not apply to this case. He cites the case of *King* v. *Rea*, 56 Ind. 1, where it is said: "When a person, competent to act, has solemnly made a deed, he shall not be allowed to gainsay it to the injury of those whom he has misled thereby."

Here, however, was notice by a *lis pendens*. Such a notice is equivalent to actual notice; it makes the case as strong in favor of the appellee as it would have been had the second deed to Busenbark contained a full statement that it was made for no other purpose than to correct the mistake in the first deed.

There was no error in the conclusions of law. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.