Williams, J.
The mortgage executed by the defendant Railroad Company, to The Farmers’Loan and Trust Company, November 1, 1879, embraced all of the property of the mortgagor, including that which the plaintiff, in the action below, sought to hav.e subjected to sale for the payment of his judgment. The mortgage was duly recorded in 1880, in each of the counties where any of the property was situated. The suit to foreclose that mortgage was commenced in the United States Circuit Court, of the proper district, on the 8th day of July, 1884, and the appearance of the defendants duly entered on the same day. That suit, which was regularly and continuously prosecuted, resulted in a decree of foreclosure, rendered on the 13th day of January, 1886, under which all. *163 of the property was sold, and the sale confirmed on the 22d day of June, 1886. The purchasers, after receiving their deed for the property, conveyed it in due form to the defendant Railway Company, on the 25th day of June,'1886. These conveyances were properly recorded. The plaintiff below, and the several cross petitioners except Fox, recovered their judgments against the Railroad Company, after the commencement, and during the pendency of the foreclosure suit, and none of them were made parties thereto. Fox recovered his judgment before the commencement of that suit, but was not made a party. It is claimed by the defendants in error, that all of these judgment creditors, except Fox, are bound by the decree in the foreclosure suit, and whatever lien or right they acquired against the property, by their judgments, was divested by its sale under the decree, and the purchasers took the title discharged therefrom.
That the court in that suit had jurisdiction of the parties, and of the property included in the mortgage, is not questioned; nor is it, that the prosecution of the suit was close and continuous; and it is well settled that all persons who, in such ease, purchase or otherwise acquire an interest in the subject of the litigation, take with constructive notice of the pendency of the suit, and will be bound by its result, though not made a party. The rule as formulated by Lord Chancellor Bacon, and generally adhered to since is, that “ no decree bindeth any that cometh in dona fide by conveyance from the defendant before bill exhibited, and is made no party, neither bjr bill nor the order; but, where he comes in pendente lite, and while the suit is in full prosecution, and without any color of al *164 lowance or privity of the court, there regularly the decree bindeth.” The rule is founded in necessity, as well as upon public policy, as, without it, the judgment of the court could in all cases be frustrated, or rendered ineffectual by conveyance or incumbrance made or suffered during the pend-ency of the suit; new suits would then become necessary against those so obtaining an interest in the subject of the action, who might, in the same way, compel still further suits, and so on, until there would be no end to the litigation. As was said by Chancellor Kent, in Murray v. Ballou, 1 Johns Ch., 566, “no doubt the rule sometimes operates with hardship upon a purchaser without notice, but this seems to be one of the cases in which private mischief must yield to the general convenience.” , In general, a suit is to be determined upon the state of case existing when it was instituted; and persons who procure an interest in its subject matter during its pendency, should, if the}7 wish to assert any claim founded upon that interest, become parties, and bring it to the attention of the court by appropriate pleadings. The rule is quite as applicable to judgment creditors as it is to purchasers, or other incumbrancers, and ihere is no reason why it should not be; the lien of the judgment attaches only to the right or title which the debtor had at the time of its rendition, and the position of the creditor is not more meritorious than that of a mortgagee or bona ficle purchaser.
It is contended, however, by counsel for the ■ plaintiff in error, that section 5056, of the Revised Statutes,- forbids the application of the rule in this case, and prevents the foreclosure suit brought in the United States court from operating as a lis *165 pendens affecting the liens of the judgments recovered in Hurón county. That section provides that: “When any part of real property, the subject matter of -an action, is situated in any county or counties other than the one in which the action is brought, a certified copy of the judgment in such action must be recorded in the recorder’s office of such other county or . counties, before it shall operate therein as notice so as to charge third persons, as provided in the preceding-section; but it shall operate as such notice, without record, in the county where it is rendered; but this section shall- not apply to actions or proceedings under any statute which does not require such record.” The preceding- section provides that: “When the summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency; and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff’s title. ” These sections belong to the code of civil precedure; and it is obvious they relate to actions brought, and judgments rendered in the state courts, and not to those in the courts of the United States. Section 5056, is, by its terms, limited to judgments recovered in one county, concerning real property partly situated in another county; and actions of that nature are authorized by a preceding section of the code, section 5022. In the federal courts, actions are not brought in counties, but in the district or circuit where 'jurisdiction of the parties and subject matter may be properly obtained; and, throughout the territorial limits of that jurisdiction their judgments operate as liens, and actions pending as constructive notice, like those of state *166 courts within their appropriate jurisdiction. Similar statutes have received like construction elsewhere. A statute of the state of Virginia provided that: “no lis pendens, or attachment against the estate of a nonresident, shall bind or affect a purchaser of real estate, without actual notice thereof, unless and until a memorandum setting forth the title of the cause, the general object thereof, the court in which it is pending-, a description of the land and the name of the person whose estate is intended to be affected thereby shall be left with the clerk of the court of the county or corporation in which the land is situated, who shall forthwith record the said memorandum in the deed book, and index the same by the name of the person aforesaid.” When that statute was in force, an assignee in bankruptcy brought suit in the Federal court at Richmond, to set aside, as fraudulent, a deed for certain real property in Petersburgh. Pending the suit, a third person, • in good faith, purchased the property from a defendant, and paid full value for it, without notice of the fraud or pending suit. The court held he took nothing by his purchase as against the decree in the Federal court, notwithstanding no lis pend-ens was filed or recorded as required by the Virginia statute. Rutherglen v. Wolf, 1 Hughes (U. S.), 78. In the case of Wilson v. Hefflin, 81 Ind., 35, it appeared, that during the pendency of a suit in the Federal court to reform a mortgage so as to embrace a tract of land not described in it, and foreclose the mortgage when so reformed, Wilson purchased the land, which was situated in a county where the Federal court did not sit, and' where, upon the records, the title was in the name of his grantor, and no encumbrance of the land appeared *167 of record. His purchase was made in good faith, for value, and without actual notice of the mistake in the mortgage, or the pendency of the suit to reform and foreclose it. Subsequently, the court decreed reformation of the mortgage, and sale of the property. In an action brought by Wilson, who was in possession of the land, to quiet his title as against the decree of the federal court, he relied on a statute of Indiana which had not been complied with, similar in its provisions to that of Virginia, heretofore mentioned; but the court decided against him, holding that the statute had “no effect upon suits in the United States courts. ” And in Majors v. Cowell, 51 Cal., 478, it was held, that the clause of the practice act of that state, “relating to the filing of a Us pendens does not apply to suitors except in the state courts.”
It follows that the judgements recovered against the defendant Railroad Company, while the suit was pending in the Federal court to foreclose 'the mortgage embracing- the property which it is sought to subject to their payment, created no lien, nor gave any right or remedy to those creditors that can now be enforced or be made effectual ag-ainst the property. But Fox, whose judgment was recovered prior to the commencement of that suit, and who was not made a party to it, occupies a different position, and is not without remedy, unless it is to be denied upon some other ground. The nature, as well as the existence of that remedy, is well settled. It is the duty of a mortgagee to make all persons who appear of record to have a lien upon or interest in the mortgaged premises parties to his action of foreclosure, arid if he does not, their lien or interest remains unaffected thereby; and any such encumbrancer, whether *168 prior or subsequent to the mortgage, who has not been made a party, may maintain an action to enforce his lien, and have a resale of the property for that purpose; if a subsequent encumbrancer, he is only entitled to have applied to the payment of his claim such part of the proceeds of the resale as may be necessary, which remains after the payment of the prior encumbrance and costs, and if nothing so remains he cannot recover costs ; but he is not required, as a condition of his right of resale, to first pay such prior encumbrance. The purchaser at the first sale takes the title of the mortgagor and mortgagee, and may, for his protection, be subrogated to the rights of the latter to the extent of the purchase money paid. Frische v. Kramer, 16 Ohio, 126, 139; Myers v. Hewitt, Ibid, 449; Childs v. Childs, 10 Ohio St., 339; Stewart v. Johnson, 30 Ohio St., 24; Holliger v. Bates, 43 Ohio St., 437; Vanderkemp v. Shelton, 11 Paige, 28.
But, it is contended the remedy cannot properly be enforced in this case, because the Railroad Company, when the judgment was recovered against it, was a public agency whose property was essential to the exercise of its franchise, and the discharge of those duties it had assumed toward the public; and the Railway Company holds the property, it is claimed, impressed with the same public trust, and secured by the same right of exemption. There are authorities which maintain the general proposition, that the real property of corporations classed as public agencies, such as railroad companies, which is essential to the exercise of their corporate franchise, and the performance of their duties to the general public, cannot be sold on execution, without statutory authority; and, further, that a part only of the property of such a *169 corporation cannot be sold, when the sale would practically destroy, or seriously impair the uses and value of the remainder. Conceding, however, that considerations of public policy, or the peculiar nature, uses and incidents of property owned by such quasi public corporations, forbid the sale, upon execution of the whole or parts of the property, with, or without the corporate franchise, it does not follow that a lien upon it may not be created by the recovery of a judgment against the the corporation, which may be preserved in some mode, and enforced by some appropriate proceeding. If it could not be, it is evident the purposes of the corporation would generally, if not always fail; for ordinarily, in conducting its business, it becomes necessary to contract debts and incur obligations, and it being understood the creditor has no means of enforcing' payment, the corporation could obtain no credit. As said by Gholson, J., in Coe v. Railroad Co., 10 Ohio St., 372: “It may be true that a railroad corporation holds its property, in a certain sense, as a public trust, to answer the purposes of a public highwajy the transportation of persons and property. But it is consistent with that public trust to contract obligations. Indeed, the very exercise of the trust necessarily involves obligations to individuals, and to meet those obligations, the property of the corporation must in some form be liable. The question is, in what form ? Shall it be in the ordinary legal form applicable to the property of individuals, or shall peculiar rules be introduced, which may have the effect to delay creditors, and operate as a shield to protect property from their just demands?” The court, in that case, distinguishes between the franchise of being a corporation, *170 which, it is said, properly speaking, is a franchise of the incorporators, and the franchise to operate the road and make profits therefrom; and holds _ that the former cannot be conveyed or sold, while the latter may be. And with respect to the property of the corporation, after it has been mortgaged, and the respective rights of the mortgagee, and subsequent lien holders, it is said: “The property must be subject in some form to the just claims against the party subsequently arising, and this will frequently and necessarily lead to interruption and disappointment in a prior arrangement as to the time within which it is to be performed;” and, further,that thecompany “could not by its own act exempt from the claims of its creditors any part of its property, ’ ’ nor could the mortgagee “object to the creation of other legal liens upon the property embraced in the mortgage. ’ ’ In Lane v. Baughman, 17 Ohio St., 642, it is held, that “the remedy of a judgment creditor of a railroad company, where its property is encumbered by mortgage, is in equity to subject the interest of the mortgagor to the payment of the judgment, except where his claim is such as to entitle him to have it paid out of the earnings of the company, when his appropriate remedy is to subject the earnings to its payment.” And this court held in Railroad v. Lewton, 20 Ohio St., 401, that a party who has a lien on a specific part only of the property of a railroad corporation, is not entitled to a sale of such part, where the sale will have the effect to break the continuity of the road and interfere with the public interests. The lien asserted in that case was in the nature of a vendor’s lien on a piece of land used for the company’s roadway. Speaking of the lien holders remedy in such *171 case, Mcllvain J., says: “The public has and can have no right which spring’s from an act of injustice to the defendant in error. Its only right is to preserve the continuity of the road, of the line of public travel and transportation. And this right is as well subserved, if the ownership and management of the highway be in the hands of one party as another. Hence, the public has no interest impaired by a sale of the whole line. ’ ’ And, “because a part may not be sold on account of the ■paramount right of the public to keep the highway intact, a necessity arises, in order that justice may be done to the defendant in error, to decree a sale of the whole line of the road to satisfy his lien. And this is the only mode in which the rights and interests of other parties, either as owners or lien holders upon the road, can be protected, and their property or security saved from absolute destruction. ”
In general, the liability of property for the owners’ debts, except in so far as there are express legal exemptions, is as unlimited as the power of disposition, which is an inseparable incident of ownership when there is no legal disability; for the incurring of indebtedness for the payment of which the property may be taken, is but a mode of disposition by the owner. Under our laws railroad companies are authorized to appropriate lands for their roadways, depots, workshops, and for various other uses, and to acquire by purchase or donation any lands in the vicinity of the line of the road, or through which it passes, deemed necessary or convenient for the right of way, or that may be granted to aid in the construction of the road; and to hold and convey the same in such manner as the directors may prescribe. Revised *172 Statutes, 3281, 3282. And, that the lien of a judgment may attach to such propertjq as it does to that of an individual, is distinctly recognized in the legislation of this state. Thus, it is provided by section 3398, of the Revised Statutes, that the lien of certain mortgages and deeds of trust executed bjr the company, shall be postponed to the lien of judgments recovered against the company for labor thereafter performed for it, or material or supplies thereafter furnished to it, or for damages, or losses, thereafter sustained by the misconduct of its agents, or in actions founded on its contracts or liability as a common carrier thereafter made or incurred. And the subsequent and supplemental sections point out the mode of enforcing- the lien of the judgment and preserving its priority. Section 8516-35, declares that if one company owning a railroad jointly with another company, shall refuse to pay its part of the costs of making necessary additions and improvements as directed by the statute, judgment may be recovered therefor, which ‘ ‘ shall be a valid lien upon the interests of the party so in default in said railroad or part of railroad owned jointly as aforesaid, and such interest may be sold at public sale as in other cases upon execution,” and the purchaser shall enjoy “all the rights, privileges, and franchises which were exercised or enjoyed by the company owning- the same at the time of the sale. ’ ’ .Other instances may be found in sections 3299, 5866, 6449. By section 5375, of the Revised Statutes, a judgment is made a lien on all the lands of the debtor, and any vested interest he may have in lands, situated in the county where the judgment is rendered, either from the first day of the term of the court at which it is rendered, or from the *173 day of its rendition. And we are of the opinion, that judgments recovered against railroad corporations become liens upon their real property situated in the county where rendered, and that lands owned by such corporations for their roadways, rights of way, depots, and other purposes must be regarded as property of that character, and subject to such liens. We are also of the opinion, that while the judgment creditor may not, except as authorized by statute, sell on execution the property to which his lien attaches, separate from the franchise of the company, nor, when it is part only of the corporate property and is necessary in connection with the balance of the property to enable the company to accomplish the purposes of its organization, and perform the duties it owes to the public, or' its sale will materially impair the uses and value of the balance of the property, he may, by a proceeding in equity, to which all persons interested are made parties, enforce his lien by subjecting the whole of the property and franchises of the corporation to sale.
The pleading’s do not seem to have been drawn with this view of the case; the property is not adequately described in the petition, or cross petition of Pox; but such description is supplied by the answer of the Railway Company. Then, the recover}’' of Fox’s judgment was subsequent to the record of the mortgage under which the former sale was had, and it appears the proceeds were insufficient to pay the indebtedness secured by it; and as it is not shown that the claim on which the judgment was rendered was such as to entitle it to priority over the mortgage, the latter must be treated as the superior lien, and entitled to receive the unpaid balance, out of the proceeds *174 of any sale of the property that may be had at the instance of Fox, before any part can be properly applied on his judgment. The holder of the mortgage, or of the indebtedness secured by it, is therefore a necessary party, but as he can only be interested in the distribution of the proceeds of the sale, it will be sufficient if the party is brought in before that takes place. The presence of the party is not necessary before the decree of sale. It may turn out that the resale will produce no more, nor even enough to pay the balance of the mortgage debt; but, whether a suitor’s remedy promises to be productive of beneficial results, or not, is for his consideration; the court is concerned only with his rights. The judgment rendered by the circuit court against Fox is reversed, and the cause will be remanded for a decree in Ms favor in accordance■ with this opinion. In other respects the judgment is affirmed.