Aydelott *v.* Collings *et al.*

No. 17,850

AYDELOTT *v.* COLLINGS ET AL.

APPELLATE PROCEDURE.—*Demurrer.*—*Record.*—An Appellate Court will not review a ruling of the trial court on a demurrer, unless both the particular pleading demurred to and the demurrer are contained in the record on appeal.

SAME.—*Duty of Appellant to Establish Error.*—To entitle a party to a reversal of a judgment, he must point out and establish by the record that the trial court committed reversible error, for all reasonable presumptions are indulged in favor of the rulings of the trial court.

AMENDED PLEADING.—*Record.*—If a complaint be amended, the amended complaint supersedes the original, and the original will form no part of the record, although copied into it.

From the Parke Circuit Court.

*T. N. Rice, J. T. Johnston, J. S. McFadden* and *S. D. Puett,* for appellant.

*McNutt & McNutt,* for appellees.

MONKS, J.—Appellant brought this action against appellees to recover upon certain promissory notes, and for the appointment of a receiver.

The complaint was in one paragraph.

Afterwards appellant, by leave of court, filed a second paragraph and an amended first paragraph of complaint.

Appellees filed a separate demurrer to each paragraph, which was sustained to the first and overruled to the second. Appellees thereupon filed an answer to which appellant demurred, which demurrer was overruled, and appellant refusing to plead further,

judgment was rendered in favor of appellees. The only errors assigned are:

1.   The court erred in sustaining the demurrer to the first paragraph of complaint.

2.   The court erred in overruling the demurrer to the answer.

Counsel for appellees insist that no question is presented by the errors assigned for the following reasons:

1.   That the first paragraph of the complaint as amended is not set out in the record.

2.   That the demurrer to said paragraph is not copied into the record or the grounds of demurrer stated.

3.   The demurrer to the answer is not in the record, nor are the grounds of objection thereto shown by the record.

An inspection of the record discloses the defects and omissions therein as claimed by counsel for appellees.

The original complaint is copied into the record, but the same was amended by leave of court, and was, therefore, superseded by the paragraph as amended, and cannot be considered as part of the record. *Britz* v. *Johnson*, 65 Ind. 561, 562; *Westerman* v. *Foster*, 57 Ind. 411; Thornton Ind. Pract. Code, section 650 and note 1.

If the amended first paragraph was properly set forth in the record, no question would be presented unless the demurrer thereto was also in the record. Without the demurrer we cannot know the grounds of objection to the pleading, and not knowing the grounds of objection, we cannot adjudge that the trial court erred, but must presume that the ground of objection stated in the demurrer was one which it was proper to overrule, or that the same was so defectively

stated as to present no question. Elliott App. Proced., sections 710, 720.

The demurrer to the answer is not in the record, and for the same reasons no question is presented by the second error assigned. All reasonable presumptions are made in favor of the rulings of the trial court, and, to entitle a party to a reversal of a judgment, he must point out and establish by the record thät the trial court committed a reversible error.

This not having been done, the judgment is affirmed.

Filed April 21, 1896.