## KAUFMAN v. ALEXANDER ET AL.

[No. 22,526.    Filed December 19, 1913.]

1. APPEAL.—*Waiver of Error.*—*Briefs.*—Errors not mentioned or discussed in appellant's brief under "propositions" or "points," as required by clause 5 of Rule 22 of the Supreme Court, are waived. p. 672.

2. APPEAL.—*Transcript.*—*Questions Presented.*—*Ruling on Demurrer.*—To present for consideration any question on a ruling on demurrer the demurrer must be set out in the transcript. p. 672.

3. APPEAL.— *Record.*— *Contents.*— *Reference to Pleadings.*— *Substituted Pleadings.*—Where the judgment appealed from was rendered on a substituted complaint, the answers to it and the issues thus joined, the former pleadings are no proper part of the transcript on appeal, so that a demurrer refiled to the answers refiled to the substituted complaint is not brought into the transcript by reciting the filing and ruling thereon and referring to the page in the transcript where the demurrer to the answers filed to the original complaint is to be found. p. 672.

4. APPEAL.—*Review.*—*Instructions.*—Where appellant failed to present any question as to the sufficiency of appellees' answers, there is a failure to show error in instructions based on such answers. p. 673.

From Superior Court of Allen County· *Carl Yaple,* Judge.

Action by Oscar E. Kaufman against Charles W. Alexander and others. From a judgment for defendant Charles W. Alexander, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)  *Affirmed.*

*C. W. Watkins, C. A. Butler* and *R. A. Kaufman,* for appellant.

*William F. McNagny, Rob R. McNagny* and *Phil M. McNagny,* for appellee.

Cox, J.—Appellant sued on a promissory note, executed by appellees, Nook and Lang, to appellee, Alexander, as payee and alleged to have been transferred by endorsement in blank by Alexander to appellant before maturity. The cause, as the record shows, has been the subject of much controversy and endeavor to bring it to a definite end, it having engaged the labors of numerous lawyers, several judges and many jurors in the trial courts for a period of ten years in which it has been tried, it appears, at least three times each of which resulted favorably to appellee Alexander but against the makers of the note. Under these circumstances it is perhaps needless to say that the record which purports to contain entries of all the proceedings from the beginning is in amazing confusion, and it may be said that the briefs in the case do not make any too clear that which is confused. With such a record the manifestly simple questions involved must be, if given full consideration, discovered in a maze of unnecessary matter. From the last judgment in Alexander's favor this appeal is brought. The last trial was upon an issue joined, among others, upon appellee Alexander's third, fourth and sixth paragraphs of answer. To each of these paragraphs appellant demurred. These demurrers were overruled and appellant has assigned these rulings, and that denying appellant's motion for a new trial, as errors for which a reversal is asked.

In that part of appellant's brief devoted to propositions or

points as required by clause 5, Rule 22 of the rules of this court, no specific mention is made of any ruling re-

1. lied on as error except the ruling on the demurrer to the sixth paragraph of answer and the giving of instructions Nos. 2 and 3 which the court gave at the request of appellee Alexander, and the giving of which appellant made cause for a new trial. All other alleged errors, it is well settled, are therefore waived.

Counsel for appellee at the outset present objection to the consideration of any question of error which may be involved in the ruling on the demurrer to the sixth

2. paragraph of answer, for the reason, it is claimed, that the record does not contain the demurrer. The objection is a valid one. The transcript shows on page 85 that on March 13, 1911, appellant filed a substituted complaint which is copied into the transcript at that point. This is followed by an entry showing that appellee, Alexander, "refiles answer in six paragraphs", which answer is then copied into the transcript on the pages following. There then appears the following entry: "Plaintiff refiles demurrers to 3d, 4th, 5th and 6th paragraphs of answer of defendant, (see elsewhere in record, see page 76 of record), Charles W. Alexander, which said demurrers * * * are overruled as to 3d, 4th and 6th paragraphs of answer * * * to which ruling plaintiff excepts." To present for consideration any question on a ruling on demurrer to a pleading the demurrer must be set out in the transcript. *Jones* v. *Mayne* (1900), 154 Ind. 400, 55 N. E. 956; *Sheeks* v. *State, ex rel.* (1901), 156 Ind. 508, 60 N. E. 142. No demurrers are set out at this point, but at the page indicated a demurrer such as stated is found. This demurrer, it appears, was filed

3. to answers to a complaint for which the complaint above named was substituted. The judgment now appealed from was rendered on the substituted complaint, the answers to it and the issues thus joined. In such case the former pleadings which have been so superseded and the rul-

Cincinnati, etc., R. Co. *v.* Armuth—180 Ind. 673.

ings thereon become of no concern on appeal. It has been held that they are no proper part of the transcript on appeal. *Miles* v. *Buchanan* (1871), 36 Ind. 490; *Yancy* v. *Teter* (1872), 39 Ind. 305; *Britz* v. *Johnson* (1879), 65 Ind. 561; *Trisler* v. *Trisler* (1876), 54 Ind. 172; *Indianapolis, etc., R. Co.* v. *Center Tp.* (1895), 143 Ind. 63, 40 N. E. 134; *Aydelott* v. *Collings* (1896), 144 Ind. 602, 43 N. E. 867; *Barnes* v. *Pelham* (1897), 18 Ind. App. 166, 47 N. E. 648, *Scott* v. *Lafayette Gas Co.* (1908), 42 Ind. App. 614, 86 N. E. 495. If the prior pleadings were not properly in the transcript it is manifest that the identity of the demurrer could not be fixed by reference to it. It would be different as to a paper or pleading properly in the transcript. *Binkley* v. *Forkner* (1888), 117 Ind. 176, 19 N. E. 753, 3 L. R. A. 33.

The two instructions of which complaint is made were based on the answers to which objections were made, and with the determination that appellant has not presented any question as to their sufficiency there is a failure to show error in the instructions.

As appellant has not made error to appear in the proceedings which led to the judgment for appellee, Alexander, it is affirmed.

NOTE.—Reported in 103 N. E. 481. See, also, under (1) 2 Cyc. 1013; 3 Cyc. 388; (2) 3 Cyc. 158; (3) 2 Cyc. 1060.