# Scott v. Baird.

[No. 9,128. Filed October 11, 1916.]

1. Appeal.—*Waiver of Error.—Briefs.*—Alleged error in the ruling of the trial court on the demurrer to the complaint is waived on appeal by appellant's failure to state any point or proposition relating thereto, or to mention or discuss the same in his brief under the heading of "Points and Authorities," as required by the fifth clause of Rule 22 of the Appellate Court. p. 17.

2. Appeal.—*Transcript.—Motion for a New Trial.*—No question is presented for review on appeal by an assignment of error that the trial court erred in overruling defendant's motion for a new trial, where such motion was not made part of the record by setting it out in the transcript. p. 17.

From Porter Circuit Court; *Ralph N. Smith,* Special Judge.

Action by Ervin Baird against John T. Scott. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Daniel E. Kelly* and *Walter J. Fabing,* for appellant.
*T. H. Heard* and *Henry Clay Holt,* for appellee.

Felt, J.—This case was tried on an amended complaint in four paragraphs, for money loaned and for conversion,

which was answered by a general denial, a plea of payment, and a plea of accord and satisfaction. A reply in general denial was filed to each of the special answers. The jury found for the plaintiff in the sum of $548.25, and returned answers to certain interrogatories. The motion for a new trial was overruled, judgment was rendered on the general verdict, and appellant appealed to this court.

The errors assigned are the overruling of the motion for a new trial, and error in overruling the demurrer to each paragraph of the amended complaint.

The alleged error in ruling on the demurrer to the complaint is waived by appellant's failure to state any point or proposition relating thereto or to mention or in any way refer to the subject under the heading of "Points and Authorities" as required by Rule 22 of this court. *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481; *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 701, 108 N. E. 160; *Board, etc.* v. *State, ex rel.* (1910), 175 Ind. 147, 156, 93 N. E. 851.

Appellee insists that no question is presented by the assignment that the court erred in overruling appellant's motion for a new trial because the motion was not in fact filed and is not a part of the record in the case. The record at page 96 shows the filing of such motion, and subsequent entries show that a motion was made to strike it from the files, which was overruled. The transcript also shows that the motion for a new trial was overruled and this appeal prayed and granted, but the motion is not set out any place in the transcript. The motion for a new trial not being in the record, no question relating thereto is presented or can be considered by this court. Elliott, App. Proc. §§186, 709 *et seq.; Brown* v. *State* (1895), 140 Ind. 374, 39 N. E. 701; *Hobbs* v. *Salem-Bedford Stone Co.* (1899), 22 Ind. App. 436, 53 N. E. 1063; *LaFollette* v. *Higgins* (1887), 109 Ind. 241, 9 N. E. 780; *Wurfel*

VOL. 63—2

*v. State* (1906), 167 Ind. 160, 78 N. E. 635; *Vesey* v. *Day* (1910), 175 Ind. 406, 409, 94 N. E. 481; *Mesker* v. *Fitzpatrick* (1911), 48 Ind. App. 518, 94 N. E. 827; *Lawrence* v. *Oliver Typewriter Co.* (1912), 51 Ind. App. 434, 99 N. E. 809; *McCardle* v. *McGinley* (1882), 86 Ind. 538, 541, 44 Am. Rep. 343:

Judgment affirmed.

Note.—Reported in 113 N. E. 769.