WIERNASICIWICZ *v.* STATE OF INDIANA.

[No. 24,972.   Filed June 20, 1928.]

*Kelly & Loomis*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *George J. Muller*, Deputy Attorney-General, for the State.

PER CURIAM.—From a judgment upon a verdict finding appellant guilty of manufacturing intoxicating liquor (Acts 1923 p. 70, §1), this appeal was prosecuted and in this court appellant has assigned as errors the overruling of his motion to quash the affidavit and the overruling of his motion for a new trial.

Appellee earnestly insists that appellant has failed to comply with Rules 3 and 22 of the Supreme and Appellate Courts, and for that reason he has not presented any question for review.

An examination of the record discloses no attempt to make marginal notes to the first thirty-nine pages of the record, which is the clerk's transcript of all papers filed and order-book entries made prior to and after the trial, nor is the record indexed. There is, however, an index to the bill of exceptions containing the evidence and marginal notes to the bill. A record thus prepared is not in compliance with Rule 3. But were we inclined to overlook this failure pointed out by the state, we are immediately met with the showing that appellant's brief does not comply with clause 5 of Rule 22, of the Supreme Court in that it has no propositions,

points or authorities upon which he relies to support either of his assignments of error. This omission has been frequently held to be a waiver of questions not thus supported. *Pattison* v. *Grant Trust, etc., Co., Admr.* (1924), 195 Ind. 313, 318, 144 N. E. 26; *Epstein* v. *State* (1920), 190 Ind. 693, 127 N. E. 441, 128 N. E. 353; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3, and cases cited; *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481; *Scott* v. *Baird* (1916), 63 Ind. App. 16, 113 N. E. 769; *Buckeye, etc., Co.* v. *Stewart-Carey, etc., Co.* (1915), 60 Ind. App. 302, 110 N. E. 710; *Dillon* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171.

For the reasons thus suggested, the judgment is affirmed.